Peter Bowe, as Sheriff, etc., Respondent, *v.* Charles W. Wilkins et al., Appellants.

A sheriff, having levied upon certain property under an attachment, received from the plaintiff in the attachment suit a bond of indemnity from all liability " by reason of the levying, attaching and making sale under or by virtue of such attachment * * * or for or by reason of the defense of any action * * * brought against him " for such taking. The attachment was thereafter vacated, but the sheriff, without the knowledge or assent of the obligors, refused to surrender the property on demand, and subsequently sold it upon an execution issued on judgment in the action in which the attachment was issued. In an action upon the bond *held,* that the obligors were not liable; that the bond could not be construed to cover a detention after the writ, which was the sheriff's sole authority for taking and keeping the property, had been vacated; that after such vacation the sheriff was bound to surrender the property on reasonable demand (Code of Civil Pro. § 709), and his refusal was an illegal act, against which *it seems,* if the defendants had by their bond proposed or assumed to indemnify, it would to that extent have been void.

Also, *held,* the fact, that upon being notified of the commencement of an action against the sheriff for a conversion of the property brought after the demand and refusal to surrender, defendants requested the sheriff to defend and were represented by counsel on the trial, did not make them liable; that it was not, as between them and the sheriff, a ratification of the unlawful act.

Plaintiff, upon the trial, produced in evidence the judgment-roll in the

action against him for the conversion of the property. The complaint therein alleged a wrongful taking, and the refusal of the sheriff to deliver up the property on demand; the sheriff justified under the attachment. Defendants were allowed to prove, by parol, that said action was decided against the sheriff, not for the original taking, but on the ground that he became liable for a conversion on his refusal to surrender the property on demand, made after the attachment was vacated. *Held,* no error; and that such ground of recovery was properly within the issues raised by the pleadings in that action.

Where it does not appear from the record, what was the precise ground upon which a judgment was rendered, parol evidence thereof may be given, provided such ground was within the issues in the case.

It appeared by the uncontradicted evidence in the action against the sheriff that demand was made after the vacating of the attachment, and that he absolutely refused to surrender. *Held,* that the effect of the judgment could not be changed by proof in this action that the demand was, in fact, made before the attachment was vacated; nor was it an answer that the sheriff was not bound to surrender forthwith on demand, or that he was entitled to demand service of a certified copy of the order vacating the attachment, or that he was entitled to be paid his costs and charges; that assuming he was entitled to these privileges, as his refusal to surrender was not put on any of these grounds but was absolute, he could not avail himself of them here; also, that if his refusal was based on either of those grounds it should have been proved as a defense in the action against him.

Also, *held,* the fact, that the sheriff paid over the money realized from the sale of the property to the attorney for the plaintiffs in the execution and that he received it with knowledge of the source from whence it came, was not a ratification on their part of the unlawful act of the sheriff, much less on the part of the indemnitors.

The issuing of an execution, without directions as to how it is to be enforced, implies only authority to do a lawful act in pursuance of its command.

(Argued March 16, 1887; decided April 19, 1887.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 9, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*A. Blumenstiel* for appellants. The liability created by

the bond in suit, did not refer to any indemnity for any trespass created by the sheriff in holding on to the property for the taking of which he held no process at the time of the conversion. (*Clark* v. *Woodruff*, 18 Hun, 419; 83 N. Y. 518, 522; *Griffiths* v. *Hardenberg*, 4 id. 464; *Ives* v. *Jones*, 40 Am. Dec. 421, 423, 426, 427; *Chapman* v. *Douglass*, 5 Daly, 244, 252.) Even if the sheriff was requested to hold on to the property after the process was vacated, and even if such request was made by the attorneys for the plaintiffs in the attachment suit, that could not bind the sureties on this bond. (*Clark* v. *Woodruff*, 83 N. Y. 518.) It must be made to appear that the recovery in the action against the sheriff was for the identical taking under which the bond was given, and if that does not appear distinctly by the record it can be proven by parol that the recovery was not for such taking. (*Willett* v. *Kipp*, 12 Hun, 474, 476, 477.) Evidence in aid of the record was allowable. (*McKnight* v. *Devlin*, 52 N. Y. 399; *Doty* v. *Brown*, 4 id. 71; *Wood* v. *Jackson*, 8 Wend. 9; *Deer* v. *Reed*, 37 Hun, 594; *Agan* v. *Hey*, 30 id. 591; *Banfield* v. *Haeger*, 7 Abb. [N. C.] 318; *Leavitt* v. *Woolcott*, 95 N. Y. 212, 219, 220, 221, 222.) The wrongful taking as well as conversion, may be united in the same complaint. (Code, § 484.) A bond must be construed strictly in favor of the obligors, and a construction given which will relieve them from liability, rather than hold them, and in this connection the surrounding circumstances may be examined to see what these defendants agreed to hold themselves liable for. (*Clark* v. *Woodruff*, 83 N. Y. 522; *Griffiths* v. *Hardenberg*, 41 id. 464; *Blossom* v. *Griffin*, 13 id. 569.) The judgment in the Superior Court action was clearly right, and the subsequent demand on the twenty-first day of December constituted a conversion within the terms of the complaint in that action. (*Roberts* v. *Burdell*, 52 N. Y. 646; *Gillett* v. *Roberts*, 57 id. 33; *Jessup* v. *Miller*, 2 Abb. Ct. App. Dec. 449; *Obewarth* v. *McLean*, 7 Daly, 70 ) Where an attachment is issued and is subsequently vacated on the merits, the attaching creditors are not deprived

thereby of their justification for a seizure under the same. *Day* v *Bach*, 13 Week. Dig. 296, affirming 11 id. 438.)

*Charles F. McLean* for repondents. Galinger's cause of action was complete when the sheriff took his goods under an attachment against Mrs. Briggs and no demand was necessary. (*Hicks* v. *Cleveland*, 48 N. Y. 84 ; *Kluender* v. *Lynch*, 2 Abb. App. Dec. 538 ; *Kuhlman* v. *Orser*, 5 Duer, 242.) It is immaterial whether a second demand was made or not. (*Livermore* v. *Northrup*, 44 N. Y. 107 ; *Snebley* v. *Conner*, 7 W. Dig. 93 ; *Coddington* v. *Carnley*, 2 Hilt. 528.) Parol evidence cannot be admitted to countervail the record in the Galinger case. (*Manny* v. *Harris*, 2 Johns. 24 ; *Royce* v. *Burt*, 42 Barb. 655 ; *Castle* v. *Noyes*, 14 N. Y. 329 ; *Union Bk.* v. *Kupper*, 63 id. 617 ; *Beard* v. *Yates*, 1 T. & C. 21 ; *Nickett* v. *Armstrong*, 6 W. Dig. 73 ; *Campbell* v. *Butts*, 3 N. Y. 173 ; *Davis* v. *Tallcott*, 12 id. 184 ; *Kerr* v. *Hayes*, 35 id. 531 ; *Denackle* v. *Wiles*, 11 id. 420 ; *White* v. *Madison*, 26 id. 117 ; *Wood* v. *Jackson*, 8 Wend. 1 ; *Lowe* v. *Payne*, 4 N. Y. 247.) Even though all that Galinger swore to upon either trial were conceded, yet his alleged second demand was insufficient, as it appears that the order vacating the attachment had not been entered with the clerk when exhibited, and because no certified or other copy was ever served upon the sheriff. (*Whitney* v. *Belden*, 4 Paige, 140 ; *Bronner* v. *Lewis*, 17 Hun, 439 ; *Smith* v *Dodd*, 3 E. D. S. 215 ; *Sage* v. *Mosher*, 17 How, 367, 371 ; 2 R. S. 285, §§ 56, 57 ; 3 id. [6th ed.] 447 : *Paton* v. *Westervelt*, 2 Duer, 363 ; *Star F. I. Co.* v. *Godit*, 2 J. & S. 359 ; *Plato* v. *Kelly*, 16 Abb. 188 ; *Galt* v. *Finch*, 24 How. 193 ; Watson on Sher. 108 ; *Taylor* v. *Brander*, 1 Esp. 45 ; *Danforth* v. *Carter*, 4 Ia. 230 ; *Danforth* v. *Ruppert*, 11 id. 547 ; *Wheeler* v *Nichols*, 32 Me. 233 ; Drake on Attachment, §§ 427, 428.) Further than this, as they had, under our objection and exception, sought to impeach the record, plaintiff had the right to show the falsity of the defendants immaterial evidence and our good faith toward the plaintiff. (*Woodgate* v. *Fleet*, 44 N Y. 1.) The sheriff was

not bound to deliver the property to Galinger, even though the making of the alleged second demand should be granted. (*Frankel* v. *Elias*, 50 How. 74; *Lambert* v. *Converse*, 22 id. 265.) Defendants ratified the sheriff's action. (*Day* v. *Bach*, 90 N. Y. 52; *Belloris* v. *Freeborn*, 63 id. 383; *Brewster* v. *Hatch*, 41 Supr. Ct. 63; *Shace* v. *Herman*, 8 Wend. 452; *Webb* v. *Pond*, 19 id. 423; *Kohler* v. *Matlage*, 72 id. 259; *Jarvis* v. *Small*, 40 Barb. 449, *Bancroft* v. *Winspear*, 44 id. 209; *Castle* v. *Lewis*, 78 N. Y. 131; *Clark* v. *Woodruff*, 83 id. 518; *Oestrichs* v. *Gilbert*, 9 Hun, 242; Code, § 1427; *Given* v. *Driggs*, 1 Cai. 450; *Howell* v. *Christie*, 3 Lans. 238; *Chapin* v. *Thompson*, 4 Hun, 779; *Binsse* v. *Wood*, 37 N. Y. 526; *Aberdeen* v. *Blackman*, 6 Hill, 324; *Beers* v. *Pinney*, 12 Wend. 309; *Trustees* v. *Galatian*, 4 Cow. 340.)

Peckham, J. The plaintiff brought this action to recover from defendants some $5,000 which he had paid upon a judgment recovered against him by one Galinger under the following circumstances : In December, 1880, one Harriet S. Briggs was the owner of a stock of goods in a store in New York and on the eleventh of that month she assigned them to Galinger for the benefit of her creditors. On the same day William H. Talbot and others commenced an action against Mrs. Briggs and procured an attachment against her property and placed it in the hands of the sheriff, who levied upon the goods which she had assigned to Galinger and which were claimed by him. The sheriff on the sixteenth took a bond of indemnity signed by these defendants and kept the goods. The condition of the bond was that if the obligors should indemnify the sheriff from all liability, suits and judgments against him by reason of the levying, attaching and making the sale under or by virtue of such attachment of the property, or for or by reason of the defense of any action which might be brought against the sheriff for such taking, then the bond to be void, otherwise valid. This attachment was on the twenty-first of December vacated, and on the twenty-fourth of that month Galinger commenced an action to recover from the sheriff the value of

the goods which had been taken by him. The sheriff gave notice of the suit to these defendants and at their request he defended it, they being represented by counsel on the trial thereof. The trial resulted in a verdict and judgment against the sheriff for the value of the goods, which he subsequently paid and then commenced this action to recover from the defendants on their bond the amount he had paid under the Galinger judgment and the expenses he had been put to in defending it. The defendants herein set up in their answer that the sheriff, after the attachment had been vacated and after due demand had been made upon him, refused to surrender the property attached and this refusal was without the knowledge or assent of the defendants herein, and that the recovery in the Galinger action was based on this demand and refusal, and that such conduct on the part of the sheriff was not within the condition of the bond and consequently they were not liable therefor.

Upon the trial of the action the plaintiff claimed to have proved his case by the production, among other things, of the judgment roll in the Galinger suit. The defendants then under plaintiff's objection, proved by parol the ground upon which that suit was decided, viz., that the sheriff became liable for a conversion upon the attachment being vacated and his refusal to give up the property upon a demand made after that event. Notwithstanding this evidence the circuit gave judgment for the plaintiff which has been affirmed by the General Term and the defendants have appealed here. They claim (1) that the condition of their bond did not cover the facts upon which the judgment was founded in the Galinger suit; (2) that the ground upon which the recovery was based was within the issues raised by the pleadings in that action; (3) that it was proper to show by parol what that ground was.

It is beyond dispute that the recovery in the Galinger suit was upon the sole ground above stated. The evidence upon the trial of this action as to what that ground was is wholly uncontradicted and consists of the stenographer's minutes of evidence upon that trial.

As to the first contention of the defendants, was this act of the sheriff within the condition of the bond? We think not. When the attachment was vacated it became his duty upon reasonable demand to deliver up the property to the defendant or to the person entitled to it, who in this case was Galinger. (Code, § 709.) The bond indemnified the sheriff for his act in taking the property as that of the defendant in the attachment suit and for his keeping it under such attachment and refusing to give it up to Galinger or any one else. The property was originally taken by virtue of the attachment and the writ was the only justification for its retention, and if in truth it belonged to Galinger, as he claimed, the writ would then furnish no justification for taking or retaining the property. The bond taken was intended to and did cover the risk of this taking and detention under the writ. It cannot be construed to cover a detention by the sheriff after the writ (which was his sole authority for ever taking and for continuing to keep the property), had been vacated. After such vacation the sheriff was bound to surrender the property upon reasonable demand and his refusal to do so would be an illegal act which it cannot be supposed the indemnitors in the bond proposed or assumed to indemnify against and which if they had, such bond would have been void to that extent. (*Griffiths* v. *Hardenbergh*, 41 N. Y. 464.)

As to the second claim of defendants. The basis of the recovery in the Galinger suit was fairly within the issues. Pleadings are to be liberally construed with a view to substantial justice, or in other words, with a view to get out the real truth of the case when it will not involve surprise or injustice to either party. The complaint in the Galinger suit (which was brought several days after the attachment had been vacated) did allege a wrongful taking from Galinger's possession on or about the eleventh of December, and a conversion to the defendant's use. It also alleged a demand made for a return and a refusal by defendant; it then demanded judgment for the value of the property. The defendant answered by setting up the issuing of the attachment and justified the

taking and detention under that writ, and alleged that the assignment from Mrs. Briggs to Galinger was void as made with intent to hinder, etc., the creditors of the former. This answer did not set up new matter constituting a counter-claim and did not call for a reply, and under section 522 of the Code such new matter was deemed controverted by the plaintiff by traverse or avoidance as the case might be. Therefore, upon evidence by the defendant that the property as taken and held under the attachment as the property of Mrs. Briggs, the plaintiff could properly prove that it had been vacated and a demand for the return of the property had been made thereafter and had been refused before suit was commenced. If this were proper to put in evidence the court could then · decide upon its effect. It did so decide and held the defendant liable for his conversion, or in other words, for his detention of the property subsequent to the time when the attachment was vacated.

The defendants then make the third claim that it was proper to prove by parol the ground upon which the Galinger case was decided. When it does not appear from the record what was the precise ground upon which the case was decided, parol evidence thereof may be given, provided such ground was within the issues in the case. ( *Wood* v. *Jackson*, 8 Wend. 9.) We have just seen that this ground was within such issues.

The plaintiff herein makes some answers to these several defenses and he says that as matter of fact there was but one demand made by Galinger for the goods after they were taken, and that demand was made on the day of their seizure by the sheriff, and he gave some evidence to that effect on this trial. The difficulty with this evidence is that it was not given on the trial of the Galinger suit. The evidence is wholly uncontradicted as to what took place on the trial of that suit and its only possible importance was to show the reason for the decision of the Galinger suit, and that it was decided upon a ground not covered by the bond. As I say the evidence on that trial was uncontradicted and conclusive, showing that Galinger made a demand after the attachment

had been vacated and that there was a refusal of the sheriff to give up the property notwithstanding such fact, and that the action was decided on that sole ground.

The plaintiff herein also states that the case does not purport to contain all the evidence taken on the trial of the Galinger case, and that to support this judgment it must be presumed that other evidence was given, and upon a point which was covered by the defendants' bond; but the difficulty is that the language of the court on that trial, as proved by defendants, shows explicitly that the sole ground of recovery was the demand and refusal subsequent to the attachment being vacated. In the face of such language no such presumption can be indulged in. It is also urged in behalf of the plaintiff that even after the attachment had been vacated and the demand made (conceding for this purpose that a demand was made), still the sheriff was not bound to surrender the property forthwith. He says the sheriff was entitled to demand service of a certified copy of the order vacating the attachment; to have a reasonable time in which to consult attaching creditors; and to be paid his costs, fees and charges before a delivery could be claimed.

Assume that the sheriff would be entitled to all these privileges even including his costs (which he as to the latter probably would not be in case of the writ being vacated). Yet the evidence on the Galinger trial was uncontradicted that when Galinger made his demand for a return of the property after the attachment had been vacated, the refusal of the sheriff to deliver was not put on any of these grounds, but was absolute, unconditional and final, and placed solely upon the ground that he had a bond of indemnity and it was no use to ask for a delivery. In the light of such facts the claim now made in behalf of the sheriff comes too late. It would have very likely constituted a defense to the Galinger judgment if proved on that trial as having been a position taken by the sheriff in answer to the demand for the property after the writ had been set aside. To prove it on this trial was useless because too late, and no answer to the

proof of what took place on the Galinger trial and what was the ground of that judgment. Nor is any defense made out by proof of the proceedings subsequent to the rendition of judgment in the attachment suit. Judgment was therein duly obtained February 12, 1881, and on that day an execution was issued thereon, nearly two months after the commencement of this action.

The sheriff under that execution proceeded to levy on the goods which he had attached and kept in his hands, and he sold them under such execution, and turned over the money to the attorney for the plaintiffs in the execution, who knew it came from the sale of those goods. There is no evidence that these defendants ever knew one word as to where the money came from to pay a judgment in an action to which they were not parties, and none that any orders were given by anyone to the sheriff as to what property to levy on. Issuing an execution without any direction as to how it is to be enforced or as to what property is to be taken, implies only an authority to do a lawful act pursuant to its command ( *Welsh* v. *Cochran*, 63 N. Y. 181), and the knowledge of the attorney, in the execution as to where the money came from which he took from the sheriff, there being no proof of like knowledge by the plaintiffs in the execution, when they received the money from him, would be no ratification even as to them, of the prior illegal act of the sheriff in refusing to surrender the goods, much less on the part of these defendants, being equally ignorant. ( *Clark* v. *Woodruff*, 83 N. Y. 518.)

Neither is the defense of the Galinger suit by the defendants, at the notification of the sheriff equivalent to a ratification. It does not appear that at that time they knew of the demand and refusal after the attachment had been vacated, and the pleadings in the Galinger suit would not necessarily disclose that fact; but even if they at that time did know of such demand and refusal, it nowhere appears that they knew or approved of it when it happened, or that they ever requested or expected the sheriff to so refuse. An attempt to defend the sheriff from the consequences of an illegal act done without

their request or sanction cannot properly be set up as a ratification of such act as between the sheriff and these defendants.

Upon a careful consideration of all the facts in this case we are reluctantly brought to the conclusion that the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except Ruger, Ch. J., dissenting.

Judgment reversed.