(12 Misc. Rep. 37.)

### WIEGMANN et al. v. MORIMURA et al.

(Common Pleas of New York City and County, General Term.   April 1, 1895.)

WRONGFUL ATTACHMENT—LIEN OF ATTACHING CREDITOR.

An attachment plaintiff is not liable to third persons for the value of their goods seized and sold by a constable under attachment by direction of his attorney, who had notice at the time of the levy of the claim of such third persons, as an attorney has no authority to bind his client by directing a trespass, or by ratifying one when committed.

Appeal from city court, general term.

Action by John H. Wiegmann and another against Ichitaro Morimura and others to recover the value of a stock of goods levied on by a constable under an attachment issued at the suit of defendants against the firm of Curtus & Mayer, who had previously conveyed the property to plaintiff by a bill of sale. From a judgment of the city court (29 N. Y. Supp. 1151) affirming a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Ten Eyck & Remington (S. R. Ten Eyck, of counsel), for appellants.

Lehmaier & Williams (James S. Lehmaier, of counsel), for respondents.

DALY, C. J. The proposition contended for by appellants is that the plaintiff in an attachment is liable to third parties for the value of their goods seized and sold by a constable thereunder, if the plaintiff receives the proceeds of the sale from his attorney in the attachment, who had notice, at the time of the levy, of the claim of such third parties. The contrary has been directly held in Clark v. Woodruff, 83 N. Y. 518:

"It is further argued that the levy on the Third avenue store was ratified by the defendants. That they received the proceeds of that levy is true, but it was done in ignorance of the fact. It is claimed that their attorneys knew. That is so found by the referee. But the fact does not affect defendants. Their attorney, as such, had no authority to bind them by directing a trespass or by ratifying one when committed. Welsh v. Cochran, 63 N. Y. 181; Averill v. Williams, 4 Denio, 295. He was not the agent of the defendants for any such purpose and could not bind them."

To the same effect is Bowe v. Wilkins, 105 N. Y. 331, 11 N. E. 839, where it is said that the knowledge of the attorney in the execution as to where the money came from which he took from the sheriff, there being no proof of like knowledge by the plaintiffs in the execution when they received the money, would be no ratification by them of the prior illegal act of the sheriff in retaining and selling the goods. The cases cited by appellants do not conflict with these decisions. Guilleaume v. Rowe, 94 N. Y. 268, was the case of an execution against the person of a defendant in an

action which the attorney was employed to prosecute; and it was held that the issuing of such an execution was within the scope of his implied authority. If the attorney had caused the arrest of a stranger instead of the judgment debtor, it would not have been within the scope of his authority; and so with attaching the goods of a stranger under an employment to collect from a debtor. Poucher v. Blanchard, 86 N. Y. 256, was a case where the attorney pursued a remedy under a void statute. He seized the property of the debtor under the act of 1862 (chapter 482), which was sub-sequently pronounced unconstitutional. The plaintiff was held liable, the attorney having acted within the scope of his authority, viz. in proceeding against the property of the debtor. The other cases cited by appellants are not in point. They illustrate the principle that a client who obtains security through his attorney is chargeable with knowledge of all facts which the latter acquired in the course of the transaction in which he was acting for his client; as, where an attorney employed to procure a mortgage had knowledge of a prior unrecorded mortgage upon the same premises, executed by the same mortgagor (Constant v. University, 111 N. Y. 604, 19 N. E. 631); where an attorney employed to examine as to the sufficiency of certain promissory notes, offered as security to his client, learned that one of the notes was held by the debtor as part of the assets of an estate of which he was executor, and not in his own right, and could not pledge it for a debt of his firm (Smith v. Ayer, 101 U. S. 320). There is another class of cases where the client profits by the fruits of a fraud accomplished with the knowledge of his counsel, and is held to be affected by such knowledge (May v. LeClaire, 11 Wall. 217); as, where an attorney obtained a judgment by default against a debtor of whose insolv-ency and intent to commit a fraud upon the bankruptcy laws he had knowledge (Rogers v. Palmer, 102 U. S. 263). The case of Mott v. Ice Co., 73 N. Y. 543, has no bearing upon the question, being an action for damages for negligence of defendant's driver.

There was no evidence that the defendants had indemnified the constable. He testified incidentally that bonds had been given to secure him, but it was not shown what bond was given, nor by whom, nor who were the sureties. Defendants were not required to prove affirmatively that the bonds alleged were not given by them. The cause of action alleged in the complaint was that the constable, acting under the instruction of defendants, disregarded the notice that the property levied upon belonged to plaintiffs, and, acting under like instructions from defendants, sold the same. As it was not shown that defendants had indemnified the constable, nor that they authorized their attorney to levy on the property in question, nor that they received the proceeds of sale with knowl-edge that it was realized from such property, the plaintiffs failed to prove a cause of action as alleged; and no other cause of action was proved. This conclusion makes it unnecessary to discuss the evidence upon the question whether the bill of sale from the attach-ment debtors to the plaintiffs was void because not accompanied by actual and continued change of possession. Judgment and or-der affirmed, with costs. All concur.