ADAMS, Appellant, vs. SAVERY HOUSE HOTEL COMPANY, imp., Respondent.

*April 30 — May 15, 1900.*

*Wrongful attachment: Liability of creditor: Appeal: Evidence: Assertions of counsel.*

1. The plaintiff in attachment proceedings is not liable for the acts of an officer in levying upon property of a stranger to the writ, where it is not shown that he instigated such levy or ratified it with knowledge.

2. In order to warrant an inference of approval of such a levy by the attaching creditor from acts of attorneys in assisting in the execution of a bond for the release of the goods levied upon, the evidence must show that the attorneys were attorneys for such creditor in the attachment proceedings; and assertions to that effect, made on appeal by attorneys for the plaintiff in an action for the conversion, cannot be accepted as a substitute therefor.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This was an action in trover for conversion. The plaintiff's evidence tended to prove that on the 24th day of October, 1895, the American Burlesque Company executed to the plaintiff a chattel mortgage upon "all the scenery, properties, and costumes of the play, 'Little Robinson Crusoe,'" the grantor reserving the right to move said property from place to place, and state to state, as might be necessary to fill its dates and contracts made and to be made for the presentation of said play. The property was then in the Davidson theater, in Milwaukee, and being used in the presentation of said play. The mortgage was duly filed with the city clerk of Milwaukee at 3:45 p. m. of that day. Afterwards, but apparently on the same day, the plaintiff took possession, through one Godenrath, as his agent, who was the treasurer of the American Burlesque Company, accompanying the traveling troupe engaged in presentation of the play known

as Little Robinson Crusoe. The use of the property apparently continued as before.

On October 26th a writ of attachment was sued out by the defendant *The Savery House Hotel Company*, in a suit against Thomas W. Prior, Max Godenrath, and the Little Robinson Crusoe Company, and placed in the hands of a constable, who returned that by virtue thereof he levied and attached $108.66 in money and the scenery and curtains of the Little Robinson Crusoe Company, " but the property so attached was released and returned upon receiving the bond herewith returned." The bond was in the ordinary form for release of property on attachment. The scenery and curtains were part of the property covered by said chattel mortgage.

A witness testified: "I do not think the constable took the property away from the Davidson theater. I think it was turned over to Mr. Paulsen on Mr. Paulsen's giving a bond. It never was returned to *Mr. Adams*. All I know is that this writ of attachment was served, and Mr. Paulsen gave a bond. It was turned over to Mr. Paulsen, and he took possession of it and removed the property from the city on Saturday night, October 26th." This was substantially all the material evidence offered by the plaintiff.

At the close of his evidence, judgment of nonsuit was entered, from which the plaintiff appeals.

For the appellant there was a brief by *C. H. Hamilton*, attorney, and *W. J. Turner*, of counsel, and a brief in reply and oral argument by *Mr. Hamilton*.

For the respondent the cause was submitted on the brief of *Sylvester, Scheiber & Orth*.

DODGE, J. Should it be conceded, as the appellant contends, on authority of *Wintringham v. Lafoy*, 7 Cow. 735, that a conversion was complete upon the mere levy of the attachment, still that conversion was committed by the con-

stable.    There is no evidence that the defendant or the defendant's attorneys instructed the constable to levy on the specific property claimed to belong to, and be in the possession of, the plaintiff.    There is, indeed, no evidence as to how the writ of attachment came to the constable's hands; but, if it were conceded that it so came to his hands from either the defendant or its attorneys, still from that act alone no liability for the conversion would be cast upon the defendant.    The delivery of the writ would authorize the execution of it only by levy upon the property of the debtors named therein, not upon the property of others.  Drake, Attachment (7th ed.), § 196; *Welsh v. Cochran*, 63 N. Y. 181; *Clark v. Woodruff*, 83 N. Y. 518, 525; *Bowe v. Wilkins*, 105 N. Y. 322, 331; *Russell v. Walker*, 150 Mass. 531.    It is doubtless true that, if the constable do levy upon the property of another, the plaintiff may be liable therefor if he instigate such levy or ratify it with knowledge; but the record is barren of evidence of any act whatever, by the defendant in this action or its attorneys, either before or after the levy was made.  True, counsel contends that some inference of approval and co-operation may be drawn from the fact that defendant's attorneys witnessed, and one of them, as notary, took the verification of, the release bond; but even that fact does not appear.    Nowhere in the record is it shown that the same persons who now appear as attorneys for the defendant in this action appeared or acted for it in the attachment proceedings, and we cannot accept the assertion now made by appellant's counsel, that the M. M. Riley and Charles A. Orth who witnessed the release bond were attorneys for the *Savery House Hotel Company* in that proceeding, as a substitute for evidence on that subject, even if that fact were material.    In such state of the evidence, no recovery as against the defendant in this action could have been justified, and the judgment of nonsuit was proper.

*By the Court.*— Judgment affirmed.