## C. A. DOTY v. C. H. STRUBLE.[1]

July 19, 1918.

No. 20,928.

**Broker — action for compensation — computation of amount — evidence.**

1. An agency contract for the sale of land provided that the agent should receive half of the proceeds over $100 an acre, "cash or trade." The land was traded. *Held*, the value of the land received forms the basis for figuring the agent's commission. The court erred in excluding evidence of the value of the land received.

**Same — charge to jury.**

2. There is testimony that the principal's land was "valued at" $125 an acre, but no evidence that the parties balanced accounts on the basis of a cash value of either piece of land. It was error to instruct the jury

[1]Reported in 168 N. W. 551.

that if the principal's land was figured in or valued at $125 an acre, that price determined the amount of the commission.

**Appeal and error — stipulation not included in the record.**

3. This court cannot regard a stipulation made in the trial court unless incorporated in the settled case.

Action in the district court for Anoka county to recover a balance of $1,050, part of plaintiff's commission for selling defendant's farm. The substance of the answer will be found in the second paragraph of the opinion. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Reversed.

*G. Howard Smith* and *E. M. Stanton,* for appellant.

*Julius J. Olson* and *Will A. Blanchard,* for respondent.

HALLAM, J.

1. The complaint alleges, in substance, that defendant employed plaintiff to procure a purchaser for a farm of 100 acres and agreed to pay plaintiff one-half of all received "either in cash or in trade" over $100 an acre, that plaintiff procured one Harvey Wayne to purchase said land for "$125 per acre in trade," and demands judgment for $1,250 less $200 paid.

The answer admits an agreement to pay half the net proceeds over $100 an acre for a cash sale but denies any agreement relative to compensation in case of trade, denies that plaintiff negotiated a sale and alleges that plaintiff abandoned the negotiation and that defendant traded with Wayne, the Wayne land being valued at $9,600, but that said land was not actually of any greater value than $8,000. By amendment on the trial the answer admits that defendant agreed to pay plaintiff 50 per cent of the proceeds over $100 an acre for a sale of the land, and alleges that the land was sold to Wayne "at a price of $8,600." The answer contains also a general denial which puts in issue all matters alleged in the complaint and not admitted in the answer.

In his testimony, plaintiff said the agreement was that if "over a hundred dollars" was realized, "we was to split that fifty and fifty whatever I got over; that was the agreement. * * * It was cash or in trade, that is the way I understood it."

The negotiation with Wayne is described by Wayne, a witness for the plaintiff, as follows: "I made him a proposition how I would trade my place for his; we didn't talk prices; we merely talked how we would trade," "we made a lump trade of it," and while he testified that plaintiff "valued" defendant's place at $125 an acre and plaintiff testified Wayne "took it in" at $125 an acre, there is no evidence that the parties at any time balanced accounts on a basis of cash value of either piece of land. They surely did not agree upon any value of Wayne's land, and Wayne said he did not "agree with Struble that the Struble land was worth one hundred dollars an acre or one hundred and twenty five an acre." This is the evidence of the plaintiff's own witness, and there is none to the contrary.

Defendant offered evidence of the value of the Marshall county land. This was rejected. The court charged the jury: "The only question to be submitted to the jury is—In making the trade was the purchaser of the defendant's land to take the defendant's land at the value of $12,500? If defendant's land in making the deal, was figured in at, or valued at $12,500 then your verdict should be for the plaintiff for the amount claimed to wit: $1,050 with interest."

Defendant takes exception to this ruling on evidence and to this charge.

A majority of this court are of the opinion that the trial court erred. Where owner and broker agree that in the event of sale for more than a certain amount in "cash or trade" a broker's commission based on the excess shall be paid, and a "lump trade" is made the value of the land received in trade forms the basis for figuring the commission. British-American Land Inv. Co. v. Western L. & S. Co. 99 Minn. 429, 432, 433, 109 N. W. 826; Boyd v. Watson, 101 Iowa, 214, 220, 70 N. W. 120.

It is true that if the parties to the trade, with the assent of the broker, stipulate as to the value of the land received by the broker's client, this value is evidence when it comes to determining the broker's commission (Hewitt v. Brown, 21 Minn. 163); but there was no such agreement in this case. It is also true that in view of the language of the charge the jury may be said to have found that Wayne was "to take defendant's land at the value of $12,500," and that defendant's land was "figured in at and valued at $12,500" and it is doubtless true too that a stipulation as to the value of the land parted with may in some cases amount to a

stipulation as to the value of what he received, but we are clear that there is no evidence that the parties to the trade in reality agreed either directly or indirectly that defendant was parting with his land for a consideration received by him amounting to $12,500.

Of course the owner and the broker might agree to compute commission on any basis they pleased. There is some evidence indicative of an agreement that defendant should pay a commission based on a valuation of $125 an acre for his land. But this was not the issue submitted to the jury.

3. The trial court in a memorandum attached to the order denying a motion for a new trial recites that on the trial the parties assented to the submission of the case to the jury as it was in fact submitted by the court. Appellant does not agree to this. The record before us does not show such assent. If any stipulation was made it should have been incorporated in the settled case. Since no stipulation of any kind appears from the settled case, we cannot consider it.

Order reversed and new trial granted.