Submitted on motion to dismiss appeal October 5, appeal dismissed and judgment affirmed October 12, modified on petition for rehearing December 14, 1920.

# LOGAN *v.* CROSS.

(192 Pac. 656, 1119.)

**Appeal and Error—Surety must Appear Before Judge or Clerk to Justify.**

1. Under subdivisions 2, 3, Section 550, L. O. L., relating to sureties on the appeal undertaking, and requiring them to justify as a case of bail on arrest, and Section 270, requiring bail to attend before the judge or clerk to justify, an undertaking on appeal is insufficient where the surety, instead of appearing before the judge or clerk, appeared before a notary public, and was examined on written interrogatories.

## PETITION FOR REHEARING.

**Appeal and Error—Cognizance not Taken of Oral Stipulations Out of Court.**

2. Appellate court cannot take cognizance of oral stipulations made by attorneys outside of court.

**Appeal and Error—Appellant Permitted to File Additional Undertaking After Dismissal, on Showing of Illness of Counsel.**

3.  After dismissal of an appeal by reason of failure of surety on appeal undertaking to properly justify before a judge or clerk, appellant was permitted to file an additional undertaking, where it appeared that his attorney was ill and spent some days in the hospital, rendering it impossible for him to attend to his client's affairs.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

Action by A. M. Logan and another, copartners doing business under the firm name and style of Logan Bros., against R. B. Cross. Judgment for the plaintiffs, defendant appeals, and plaintiffs move to dismiss the appeal. Appeal dismissed, and judgment affirmed.                           APPEAL DISMISSED.

*Mr. Jay H. Upton* and *Mr. Willard H. Wirtz,* for the motion.

*Mr. N. G. Wallace, contra.*

PER CURIAM.—1. This is a motion to dismiss an appeal for want of a sufficient undertaking. The plaintiffs on March 18, 1920, recovered a judgment against defendant for the sum of $535.00, and $93.30, costs. On May 8, 1920, defendant filed and served his notice of appeal with an undertaking sufficient in form and amount, signed by C. E. Cross as surety, the affidavit of the surety being dated March 29, 1920. Thereafter and in due time the plaintiffs filed their exception to the sufficiency of the surety, whereupon, without appearing before the court or clerk thereof, he was examined before a notary upon written interrogatories propounded by the counsel for defendant, plaintiffs not appearing at said hearing, from which interrogatories and answers thereto it appeared that

the surety was worth the sum of $11,000, over and above his debts and property exempt from execution.

Plaintiffs now move to dismiss the appeal for the reason that such justification was not taken before the court or the clerk thereof. Subdivision 2 of Section 550, Oregon Laws, provides:

"Within ten days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided, and within said ten days shall file the original of said undertaking, with proof of service indorsed thereon, with said clerk. Within five days after the service of said undertaking, the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto."

Subdivision 3 of said section provides:

"The qualifications of sureties in the undertaking on appeal shall be the same as in bail on arrest, and, if excepted to, they shall justify in like manner."

Section 270, Oregon Laws, provides:

"For the purpose of justification, each of the bail shall attend before the judge or clerk, at the time and place mentioned in the notice, and may be examined on oath, on the part of the plaintiff, touching his sufficiency, in such manner as the judge or clerk in his discretion may think proper. The examination shall be reduced to writing and subscribed by the bail, if required by the plaintiff."

It nowhere appears that the surety appeared before the judge or clerk for the purposes of justification. On the contrary, it appears that he did not so appear, and that his examination was upon written interrogatories. The personal presence of the surety before one of the officers designated is clearly re-

quired.   Appeal is a privilege which can only ripen into a right by substantial compliance with the requirements of the statute.

The appeal will be dismissed, and the judgment affirmed.                APPEAL DISMISSED.   AFFIRMED.

Modified December 14, 1920.

PETITION FOR REHEARING.

(192 Pac. 1119.)

On petition for rehearing.

FORMER OPINION MODIFIED.

*Mr. N. G. Wallace; Mr. M. E. Brink* and *Mr. Donald M. Graham,* for the petition.

*Mr. Willard H. Wirtz* and *Mr. Jay H. Upton, contra.*

McBRIDE, C. J.—A petition for rehearing has been filed in this case, accompanied by an affidavit claiming that there was an oral stipulation between the respective attorneys that the justification of the surety might be taken by interrogatories.   The affidavit states that this agreement is now denied by the attorney for plaintiff.

2, 3. While we cannot take cognizance of oral stipulations made by attorneys outside of court, we are satisfied that there is a misunderstanding between them in this case as to the import of the conversation between them in relation to taking the justification of the surety.   As excuse for not having made any showing before our opinion was handed down dismissing the appeal, the affidavit discloses the fact that the

attorney for defendant was ill at the time the motion to dismiss was filed and was unable to attend to the business of his office, but as soon thereafter as possible he went with defendant to Portland for the purpose of executing a surety company undertaking. While there he again became ill, and was forced to spend some days in the hospital, and upon his return home was informed that the matter had been decided adversely to his client. He has now prepared and filed with the clerk of the Circuit Court an additional undertaking, and exhibits a copy of it with his affidavit, asking leave to file the same.

We think that the circumstances shown are such that he should be permitted to do this, and our original opinion is modified, so as to permit counsel to serve upon plaintiff's counsel a copy of the undertaking proffered by him, or other sufficient undertaking, which, if approved by the court upon objection, or if no objections are made within the statutory time, may be sent up to this court and filed; this to be done within thirty days from the time this opinion is handed down.        FORMER OPINION MODIFIED.