## PROVO RESERVOIR CO. v. TANNER et al.

No. 4358. Decided June 5, 1926. Rehearing Denied Sept. 15, 1926.
(249 P. 118.)

*C. W. Morse*, of Salt Lake City, and *M. R. Straw*, of Provo, for appellant.

*A. C. Hatch*, of Heber City, and *Chase Hatch*, of Provo, for respondent Provo Reservoir Co.

*J. W. Robinson*, of Provo, for respondent Dixon.

FRICK, J. The respondents have interposed a motion to dismiss the appeal upon various grounds, among which is the following:

"That the appeal attempted to be taken by the above-named defendant, Caleb Tanner, was not perfected within six months after the notice of overruling motion for a new trial, in that no undertaking on appeal was filed within said six months, and no undertaking on appeal was filed within five days after the service of notice of appeal in said court, and the order entered by the above-entitled court on the 27th day of August, 1925, permitting said defendant to then file his undertaking on appeal, was made on the ex parte application of the defendant, Caleb Tanner, and without notice to the plaintiff, and was made without authority of law, and is therefore null and void."

They earnestly insist that the appeal is abortive, and therefore should be dismissed. In view of the conceded facts, the question is of more than ordinary importance, and hence we feel impelled to go into the matter at some length. The record shows that the judgment appealed from became final on the 1st day of December, 1924, and that the notice of appeal was served and filed on the 1st day of June, 1925, or on the very last day on which it was permissible to serve and file the notice. See Comp. Laws Utah 1917, § 6991, as construed in *Fuller v. Ferrin*, 51 Utah, 105, 168 P. 1179. Section 6996, among other things, provides:

"* * * Within five days after service of the notice of appeal an undertaking shall be filed or a deposit of money be made with the clerk. * * *"

Section 6997, among other things, provides:

"The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties. * * *"

Section 7003, so far as material here, reads:

"The adverse party may except to the sufficiency of the sureties to the undertakings mentioned in this chapter at any time within ten days after the filing of such undertakings. * * *"

Section 7011 reads as follows:

"When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, or to stay proceedings, the court from which the appeal is taken or the judge thereof, or the Supreme Court, or one of the justices thereof, may permit an amendment or the proper act to be done, on such terms as may be just."

Although the notice of appeal was served and filed on June 1, 1925, no undertaking on appeal was filed until nearly 90 days thereafter. The appellant, in order to comply with and obtain the benefits of the provisions of section 7011, supra, made and filed his personal affidavit under oath, in which, after stating that he had served the notice aforesaid and had in good faith taken the appeal, as an excuse for not filing the undertaking on appeal within the time required by our statute aforesaid, deposed as follows:

"* * * That deponent had as his attorney at the trial of said action C. W. Morse, of Salt Lake City, Utah; that for the purpose of taking his appeal herein said deponent secured the services of M. R. Straw, an attorney of Provo, Utah, as associate to said C. W. Morse; that each of said attorneys supposed the other was caring for the procedure of taking said appeal, and particularly the filing of an appeal bond, each of said attorneys so believing the other to have filed such bond no appeal bond was filed within the time directed by statute; that deponent was not aware that said bond was not filed until the 25th day of August, 1925, neither did each of said attorneys know that the other had failed to file such bond until on or about such date; that deponent filed his notice of appeal herein in good faith and is diligently prosecuting his appeal herein to said Supreme Court. Wherefore

deponent prays that the court make and enter an order herein permitting this deponent to file an undertaking on appeal herein with like effect as though filed within the time directed by statute."

Pursuant to the foregoing affidavit the court made the following order:

"It appearing to the court that Caleb Tanner, a defendant in the above-entitled action, in good faith filed a notice of appeal herein, and through inadvertence and excusable neglect failed to file an undertaking on said appeal, and it further appearing to the court that said defendant Caleb Tanner is in good faith prosecuting said appeal, it is now by the court hereby ordered that said defendant be and he is hereby permitted to file an undertaking on appeal herein forthwith, with like force and effect as though filed within the time prescribed by statute."

The application and order of the court were made ex parte; that is, without notice to the respondents. We remark that we are here not dealing with a supersedeas bond —one which is intended to stay the enforcement of a judgment—but we are here dealing with a bond which, unless expressly waived, must be filed in order to perfect the appeal. True, section 7011, supra, provides that, in case the appellant "through mistake or accident" fails to comply with statutory provisions, he may nevertheless be permitted to perfect the appeal. The question that we must determine here, however, is: Has the appellant complied with the provisions of this section?

This court in the past has been very liberal in permitting amendments, and otherwise permitting defects and omissions to be cured, in order to prevent appeals from becoming abortive. The court, like all others, is, however, bound to have some regard for the statutory provisions which regulate the taking and perfecting of appeals to this court. Moreover, the interests and rights of the adverse parties to appeals must be considered, as well as the interests and rights of the appellants. The statute is most liberal in permitting appeals to be perfected. The provisions of the statute should, how-

ever, at least be substantially followed. Has there been a substantial compliance, or even an attempt to substantially comply, with the statutory provisions in this case? Section 7011, supra, permits only those omissions which occur "through mistake or accident" to be cured as there pointed out. Do the facts deposed to in the affidavit of the appellant (and no one else testifies) show or attempt to show that the failure to comply with the provisions of section 6996, supra, was occasioned "through mistake or accident?"

The most liberal construction forbids us to hold that the omission was accidental. Can it be held to have been a mistake? Appellant testifies "that for the purpose of taking his appeal herein" he employed an attorney residing at Provo, where the case was tried. Then he further deposes that the attorney so employed failed to do what he was specifically employed to do. The only excuse that is offered on behalf of the attorney is that he "supposed" that the attorney who tried the case, and who lived in Salt Lake City, would do what the Provo attorney was specially employed to do. Upon what possible hypothesis can this be held to be an excuse for the Provo attorney? He did not even attempt to begin what he was specially employed to complete. Assuming, without deciding, that such a supposition on the part of the Salt Lake attorney would constitute a mistake within the purview of the statute, how is it possible to hold that such would also be so as applied to the failure to act on the part of the Provo attorney?

The latter's omission to act constituted negligence pure and simple. I think the authorities agree that no one can predicate a mistake on his own negligent omission to perform a legal duty. A mistake "is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake * * *" See 3 Words and Phrases, Second Series, p. 417. It would seem, however, that a proposition so palpably clear should not require the citation of authorities. When one is charged with a duty, and forgets to do it, it may under certain circumstances con-

stitute excusable negligence, but it cannot be held to be a mistake. The district court making the order did not think, —at least, it did not find—that either a mistake or accident had occurred. What the court found in that regard, as disclosed by the record, is that the appellant "through inadvertence and excusable neglect" had failed to file an undertaking on said appeal." "Through mistake or accident" is one thing, while "through inadvertence and excusable neglect" is quite another thing. Negligently and inadvertently omitting to perform a duty is far different than to omit it through mistake or accident. True, our statute in some instances permits omissions to be cured which occur through inadvertence and excusable neglect, but such may not be done under the provisions of section 7011, supra. If the omission there provided for was intended to be excused for such a cause, it no doubt would have been so stated.

Another irregularity of which respondents complain is that the application of appellant and the order of the court permitting the appeal bond to be filed was made ▇ ex parte and without notice of any kind to respondents. It will be observed that section 6996 provides that "an undertaking shall be filed within five days" from the serving and filing of the notice of appeal, and section 7003 provides that the adverse party may except to the sufficiency of the sureties * * * at any time within ten days after the filing of such undertaking. * * *" That section was taken from the California Code of Civil Procedure. Under the statute as it is in force in California, however, the exception to sureties must be taken with five days, while in this jurisdiction ten days are allowed. The Supreme Court of California, in *Hoyt v. Stark*, 134, Cal. 178, 66 P. 223, 86 Am. St. Rep. 246, held that the right to except to the sufficiency of the sureties is a substantial right, and that unless the appeal bond is filed within five days after the notice of appeal has been served and filed the adverse party may move to dismiss the appeal. It is further held that the adverse party is not required to watch the record for more than five days to see whether

an appeal bond is filed or not. That case, in the particular just stated, is followed in *Continental, etc., Ass'n v. Beaver,* 6 Cal. App. 116, 91 P. 667, and in *Rauer's Law, etc., v. Standley,* 3 Cal. App. 44, 84 P. 215. In California the time within which an appeal bond must be filed may, upon application to the court, be extended. If, however, the time is not so extended and the bond is not filed within the statutory time the respondent is not required to take further notice of the case.

In the case at bar no appeal bond was attempted to be filed until the 27th day of August, following the 1st day of the preceding June, when the notice of appeal was served and filed. Respondents were thus clearly entitled to notice of the application or order allowing one to be filed, if for no other reason than to be given the statutory right of excepting to the sufficiency of the sureties on the bond. No notice of the application or order of the court was, however, served or attempted to be served, and hence, as stated by the California Supreme Court, the respondents were deprived of a statutory right, namely, the right to except to the sufficiency of the sureties.

It may be suggested that, under the provisions of section 7004, in case an appeal bond becomes insufficient, a new one may be ordered by this court. A complete answer to that, however, is that the appellant, after filing an insufficient appeal bond, may dismiss the appeal on his own motion, or he may suffer the same to be dismissed, as provided in that section, in case he is ordered to file a new one, rather than to do so. In either event the adverse party to the appeal is without redress, unless he is given the opportunity as pointed out by the California Supreme Court, to except to the sureties within the time and in the manner provided for in section 7003.

The conceded facts of this case show that not only one, but a number of statutory provisions have been disregarded by appellant, and that, if this appeal is sustained, there is not limit whatever within which and appellant may not per-

fect his appeal, upon an ex parte application and order of the court, after the notice of appeal has been served. Moreover, he may do this by merely making manifest the negligent omission of some essential thing or act, and need not show that the omission was caused "through mistake or accident." He may thus deprive the adverse party of the right to have a proper and sufficient appeal bond executed and filed before the appeal becomes effective, so that, if the appeal shall, for any cause, fail, the adverse party shall receive what the statute clearly entitles him to receive.

As already intimated, this court has been exceedingly liberal in permitting defects in taking appeals to be cured, to the end that the appeals might be saved. No case has, however, gone to the extent that we are now asked to go. There is a limit beyond which we cannot strain our statute without breaking it. That limit has been reached and passed in this case; hence we have no alternative save to dismiss the appeal.

In conclusion, we desire to state that the respondents have filed an additonal printed abstract of more than 100 pages, and of which 95 pages, in our judgment, are unnecessary. They are therefore to be taxed with the cost of printing the 95 pages; the appellant to pay all other costs on this appeal.

The appeal is therefore dismissed.

GIDEON, C. J., and CHERRY, J., concur.

THURMAN, J., being disqualified, did not participate herein.

STRAUP, J. (dissenting). I am not satisfied that the appeal ought to be dismissed. Under the statute it was within the power of the district court to relieve the appellant from the default and to permit him to give and file a proper undertaking and thus perfect his appeal. While it would have been

much better, and more in consonance with the practice had the appellant, before taking his order for relief, given notice of his application, still I am not prepared to say that the court or the judge thereof was unauthorized to entertain the application and grant the order ex parte. Of course, the respondents could not be cut off from excepting to the sufficiency of the sureties on the undertaking, and could do that after notice of the giving and filing of the undertaking. And then, the respondents, on notice or knowledge of the order, were not precluded from moving against and seeking to vacate it, which was not done.

I also think the prevailing opinion to much restricts the meaning of the term "mistake or accident." The term "mistake" as used in the statute also embraces the meaning "to misunderstanding, misapprehend, misconceive" and "a forgetfulness of a fact" or "a belief in the existence of a thing which does not exist." Such meaning well applies here, where each of the two counsel of appellant thought that the other had attended to the giving and filing of the undertaking. One counsel living in Salt Lake City and the other in Provo, such a misunderstanding or belief might well arise. Counsel in Salt Lake prepared and signed the notice of appeal, but which of them served or filed it is not shown. The situation, however, is one where both had to do with the taking of the appeal, and where it is shown each relied on or rather depended upon the other in perfecting the appeal. I think the showing sufficient to appeal to and invoke the discretion of the court or judge, and I am not prepared to say that in the exercise of it that it was abused, which I must do to overthrow the ruling. That the court or judge under the order characterized the misprision "inadvertence and excusable neglect" is not of controlling importance and not of the pith of the matter. Since the facts averred in the affidavit—which were not disputed—show mistake or accident it matters little how they were characterized or entitled by the court or judge. Under such circumstances a misnomer is not a serious infirmity. Further, it is not shown, nor is it

claimed, that the respondents were prejudiced or misled, or that their status in any particular was changed or affected. The transcript was filed, the abstract of the record made, briefs on the merits prepared and printed, and the cause argued and presented as though the appeal had been perfected and the cause regularly before the court.

I think we ought to entertain the appeal and dispose of the case on the merits. I therefore dissent.