BRANDLEY v. LEWIS.

No. 6014. Decided June 17, 1939. (92 P. 2d 338.)

218

*Willard Hanson, Stewart M. Hanson,* and *D. N. Straup,* all of Salt Lake City, for appellant.

*R. W. Irvine, Thomas Mackay,* and *W. F. Dawson,* all of Salt Lake City, for respondent.

LARSON, Justice.

At the outset we are met with a motion to dismiss the

appeal on the ground the same was not taken within the time prescribed by law. If this was an action in unlawful detainer, as respondent contends, the appeal was not taken timely and should be dismissed. On the other hand, if the action is not one in unlawful detainer but is one for a declaratory judgment construing a contract, as appellant now contends, the appeal was taken in time. Let us explore the record for an answer.

The amended complaint, which is the one on which the cause was tried and the only one in the record on appeal, alleges: 1. That the parties are residents of Salt Lake County, Utah. 2. That in 1935, the defendant by written instrument leased from the owner thereof certain real estate (hotel property) in Salt Lake City, particularly described, and entered into possession thereof. 3. That by the terms of defendant's lease the same was to terminate upon a sale of the premises. 4. That during the term of said lease the owner of the property by written contract of purchase and sale sold the premises to one Lund, who immediately assigned his contract and rights thereunder to plaintiff. 5. That immediately after such sale written notice of the sale and demand for possession was served upon defendant. 6. That defendant failed and refused to deliver up such possession and wrongfully withholds and detains the same from plaintiff who is entitled thereto. 7. That during such detention plaintiff is damaged at the rate of $8 per day. Then follows prayer for judgment for restitution of possession of the premises, for damages for detention at $8 per day, to be trebled, and for costs and general relief. Copy of defendant's lease is attached to the complaint as a part thereof.

That such complaint is a straight typical complaint in unlawful detainer cannot be gainsaid, and the same is not denied. Defendant answered denying plaintiff's right of possession, the unlawful detention, and damage; pleaded full performance on her part of all covenants under the lease and prayed that plaintiff take nothing by her complaint, and for costs. No other issue was raised or injected

by the answer. Upon trial plaintiff put in evidence defendant's lease, plaintiff's contract of purchase, the notice to quit served on defendant, and proof of damage by detention. Both sides rested. The court made findings of fact and conclusions of law, substantially in accordance with plaintiff's complaint, and entered a judgment in favor of plaintiff and against defendant for recovery of possession of the premises, damages for detention, for plaintiff's costs, and that the Writ of Restitution issue. All the evidence offered by either party goes to the issues of unlawful detention and damages. The findings of fact, conclusions of law and judgment are all in strict form for an action in unlawful detainer. This is all admitted by defendant (appellant), but she asserts (a) that it was agreed between counsel at the trial that the action was to be tried as one for the construction of a lease; and (b) that the only point on which there was any issue below was the meaning or effect of paragraph II of defendant's lease relative to a sale of the premises. (Noted and discussed hereafter.) Do they avail as defenses to the motion to dismiss the appeal?

(a) Counsel for respondent does not admit the agreement or stipulation appellant here asserted. The record does not disclose it. There is nothing in the transcript on appeal or the record to show or even indicate any such agreement. In fact the record indicates the contrary for the pleadings, the evidence offered, and the findings of fact, conclusions of law, and judgment all reflect the same thing—an action in unlawful detainer. It is well established law that the appellate court is bound by the record as certified and may consider only the record as certified and transmitted to it. *Mary Jane Stevens Co.* v. *Foley,* 67 Utah 578, 248 P. 815; *Walker Bros.* v. *Skiliris,* 34 Utah 353, 98 P. 114. The Supreme Court cannot regard a stipulation made in the trial court not incorporated in the bill of exceptions as settled. *Doty* v. *Struble,* 140 Minn. 478, 168 N. W. 551. Stipulations not in the record will not be considered on appeal. *Bush* v. *Tecumseh National Bank,* 64 Neb. 451,

90 N. W. 236; *Logan* v. *Cross*, 98 Or. 274, 192 P. 656, 1119; *Adams* v. *Savery House Hotel Co.*, 107 Wis. 109, 82 N. W. 703; *McKenzie* v. *Ballard*, 14 Colo. 426, 24 P. 1; *Lawyers' Co-op Pub. Co.* v. *Bennett*, 34 Fla. 302, 16 So. 185; *Turpin* v. *Sudduth*, 53 S. C. 295, 31 S. E. 245, 306. For further cases see Appeal and Error, Key No. 714(3), in the Decennial Digests. It follows therefore that point (a) is not available as a defense to the motion to dismiss.

(b) Counsel for appellant then argues in answer to the motion to dismiss the appeal that the only point in issue in the cause was the meaning and effect of paragraph II of defendant's lease, and therefore the action was not one in unlawful detainer. The issues set up in the complaint as outlined above state a cause of action in unlawful detainer. Defendant in effect raised only one issue thereon, as to whether or not her lease had terminated. If it had she would be detaining unlawfully; if not, plaintiff must fail. Since unlawful detainer is an action to oust a tenant whose lease has expired or been terminated (R. S. U. 1933, Section 104-60-12), it follows that plaintiff must show that defendant's lease has terminated. In this cause, that termination depended upon the terms of the contract of lease. Plaintiff asserted that under paragraph II the lease terminated ipso facto upon a sale of the property. Defendant contended that under said paragraph the lease did not terminate upon a sale of the property. To determine therefore whether defendant was in unlawful detainer the court must determine the meaning and effect of the paragraph, but that does not change the action from one in unlawful detainer. It is merely deciding a question the decision of which is necessary in making a determination as to whether defendant is in unlawful detainer. Had the defendant in her pleadings raised some issue in equity, or had the cause been tried throughout, submitted, and determined by the court as one in equity, the result might be different. Such was not done. *Ottenheimer* v. *Mountain States Supply Co.*, 56 Utah 190, 188 P. 1117. The trial court determined the point against defendant and en-

tered judgment for restitution of the premises to plaintiff. From that judgment plaintiff seeks to appeal. Under the statute (R. S. U. 1933, Section 104-60-14), the appeal from such judgment must be taken within 10 days. This appeal was not so taken and must therefore be dismissed. *Hunsaker* v. *Harris,* 37 Utah 226, 109 P. 1; *Murphy* v. *Paumie,* 37 Utah 228, 109 P. 2.

The appeal is dismissed. Costs to Respondent.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.