MOSER v. LUNDAHL et al.

No. 6089. Decided July 6, 1939. (92 P. 2d 340.)

Rehearing denied October 11, 1939.

*George D. Preston,* of Logan, for appellants.

*Thatcher & Young,* of Ogden, for respondent.

WOLFE, Justice.

Respondent has moved to dismiss this appeal on the ground that appellants "have failed to perfect their appeal as pro-

vided in Section 104-41-6 of the Revised Statutes of Utah, 1933, in this, that said appellants failed within five (5) days after the service of the notice of appeal, *or at all,* to file an undertaking on appeal with the Clerk of the District Court * * * or to deposit money with said Clerk in lieu thereof, neither was there any waiver in writing by plaintiff and respondent." (italics added.) It is further urged that at the time of filing of the motion to dismiss, the six months allowed by statute for taking an appeal had passed, and that up to that time no appeal bond or undertaking had been filed. Shortly after this motion was made, appellants filed in this court what is designated as an "undertaking on Appeal." Then before the case was argued to this court, appellants' attorney filed an affidavit in this court in which he alleged that it had been orally agreed between affiant and the former attorney for respondent that the undertaking on appeal would be waived, but that no written stipulation was signed by the parties; that later affiant stated to the attorney for respondent that "even though the said undertaking had not been filed that he would file such an undertaking either by a cash deposit or written undertaking as soon as the plaintiff, Alma J. Lundahl, return to this county, he being then and there absent in Rich County, Utah"; that said arrangement was agreed to by said attorney for respondent; and that by this action respondent has waived the filing of such undertaking. A counter affidavit was filed by the former attorney for respondent in which he alleged that although at one time he had orally agreed to waive the undertaking, he never signed a stipulation to that effect; that later on the attorney for appellants stated that he would file an undertaking as soon as defendant returned from hunting deer, which would be within two or three days.

We do not think that appellants have shown sufficient reason why they should be relieved of their failure to file an undertaking on appeal. Although at the present time

an appeal bond has been filed in this court, no motion has been made by appellants for this court to accept such bond and relieve them of their failure to file the bond within five days after notice of appeal. The affidavit on file herein by appellants' attorney states that respondent has waived the right to an appeal bond. But such is not the case. In the first place, this court cannot take cognizance of any stipulation between the parties which is not a part of the record. See *Brandley* v. *Lewis*, 97 Utah 217, 92 P. 2d 338, decided by this court June 17, 1939; *Doty* v. *Struble*, 140 Minn. 478, 168 N. W. 551. But even if this court were to take cognizance of the oral agreement made between counsel, yet it appears from the face of the affidavit of appellants' counsel that such agreement was not relied on by appellants nor their attorney. The affidavit states that after the alleged agreement had been made between counsel for both parties, the affiant stated "that even though the said undertaking had not been filed that he would file such an undertaking either by a cash deposit or written undertaking as soon as the plaintiff  *  *  *  returned to this county."

Next, assuming that a proper motion has been filed in this court to relieve appellants of their default, has a sufficient showing been made that they are entitled to such relief? We think not. Under Section 104-41-21, R. S. U. 1933, this court may permit "an amendment, or the proper act to be done" where it appears that a party, after giving notice of appeal, has failed *"through mistake or accident,* to do any other act necessary to perfect the appeal or make it effectual, or to stay proceedings." (italics added.) In this case appellants gave notice of appeal on October 13, 1938. The appeal bond should then have been filed on or before October 18, 1938. However, assuming that there was excusable neglect for not filing the appeal bond within the five days, still (by the affidavit of appellants' counsel on file herein), it was agreed on November 15, 1938, that an appeal bond would be filed within a few days. No undertaking was filed until February 27, 1939, more than three

months later and approximately two week after respondent had filed a motion to dismiss the appeal on the ground that no appeal bond had been filed. No reason is given by appellants why the bond was not filed when it was agreed by counsel that it would be filed. In the absence of some showing of "mistake or accident" within the contemplation of Sec. 104-41-21, this court will not relieve appellants of their default. *Provo Reservoir Co.* v. *Tanner,* 68 Utah 21, 249 P. 118.

The motion of respondent is hereby granted and the appeal dismissed. Respondent to recover costs for that portion of his brief (two pages) which is concerned with the motion to dismiss appeal. ■

MOFFAT, C. J., and LARSON, McDONOUGH and PRATT, JJ., concur.