(16 Misc. Rep. 440.)

## WESSELS v. CARR.

(Supreme Court, Special Term, New York County. March, 1896.)

1. DECEIT—SUFFICIENCY OF COMPLAINT.

A cause of action for deceit is sufficiently alleged by a complaint which states that plaintiff recovered a judgment against defendant which is still unpaid and unsatisfied; that defendant willfully and falsely represented that he could not pay any of his debts, but that, if plaintiff would accept a small portion of such judgment in full settlement, and give defendant a release, then defendant would procure a person to take an assignment of the judgment; that, relying on such statement, plaintiff accepted the offer, and gave defendant a release, and made an assignment to one M.; that the money was paid, not by M., but by defendant; that the assignment to M. was intended to deceive plaintiff into believing that defendant was unable to pay the judgment, and that the assignment was for the benefit of defendant; that the representation of defendant in regard to his inability to pay was false, and was made with the intention of deceiving and defrauding plaintiff; that in fact defendant was able to pay the judgment in full; and that by reason of the premises plaintiff suffered damages, etc.

2. PLEADING—SUFFICIENCY OF COMPLAINT ON DEMURRER.

A complaint is sufficient on demurrer if it states facts entitling plaintiff to any relief, though it is insufficient for a specific form of action.

Action by Edward J. Wessels against Alfred Carr for deceit. Defendant demurs to the complaint. Overruled.

Franklin Bien, for plaintiff.

T. G. Sheehan, for defendant.

PRYOR, J. Insufficiency in substance is the ground of demurrer to a complaint which exhibits the following facts: That plaintiff recovered a judgment against the defendant for $1,237.49, which is still unpaid and unsatisfied; that, on plaintiff endeavoring to collect said judgment, the defendant willfully, intentionally, and falsely represented that he was a poor man, and could not pay a dollar of his debts, but that, if plaintiff would accept $250 in full settlement of said judgment, and give defendant a release from all obligation under the said judgment, he, the defendant, would procure a party to take an assignment of the said judgment for the said sum; that relying upon the statement of the defendant in regard to his financial ability to pay the said judgment, the plaintiff accepted the defendant's offer, gave the defendant a release, and made an assignment of the said judgment to one William H. Mangels; that the $250 was paid, not by Mangels, but by the defendant; that the assignment to Mangels was intended to deceive plaintiff into believing that the defendant was a poor man, and unable to pay the judgment, and that, in effect, the assignment was for the benefit of the defendant; that the representation of defendant in regard to his inability to pay said judgment was false, and made with the intention of deceiving and defrauding the plaintiff; that in fact the defendant was a man of means and able to pay the said judgment in full; and that by reason of the premises the plaintiff has suffered damages in the sum of $1,500. Obviously, here are all the constituents of an action for deceit, namely, "representation, falsity, scienter, decep-

tion, and injury." Church, C. J., in Arthur v. Griswold, 55 N. Y. 400, 410; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Hickey v. Morrell, 102 N. Y. 454, 463, 7 N. E. 321. "In determining the sufficiency of the pleading demurred to, it must be assumed that the facts stated therein, as well as such as may by fair and reasonable intendment be implied from the allegations made, are true." Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251. "To sustain a demurrer to a complaint it is not sufficient that the facts are imperfectly or informally averred, or that it lacks definiteness and precision, or that the material facts are argumentatively averred; it will be deemed to allege what can by reasonable and fair intendment be implied from the allegations." Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. While the court may not, by implication, import an absent allegation into a complaint (Clark v. Dillon, 97 N. Y. 370), still "pleadings are to be liberally construed with a view to substantial justice, or, in other words, with a view to get out the real truth of the case, when it will not involve surprise or injustice to either party" (Peckham, J., in Bowe v. Wilkins, 105 N. Y. 322, 328, 11 N. E. 839). But why recourse to rules of construction, when the complaint is explicit in the statement of every fact essential to the support of the action? Indeed, the demurrant does not challenge the right of plaintiff on the facts pleaded to some relief, but the contention is that his only remedy is an action for cancellation of the assignment and release of the judgment. But, if the complaint show title to any redress in any form, it is good against the demurrer. Johnson v. Girdwood, 7 Misc. Rep. 651, 28 N. Y. Supp. 151, affirmed by court of appeals, 143 N. Y. 660, 39 N. E. 21. On discovery of the fraud, plaintiff had an alternative of remedies; that is, either to rescind the contract, or, affirming it, sue for damages. Krumm v. Beach, 96 N. Y. 398, 406; Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301; Cooley, Torts, 503. He adopts the latter expedient, to the pursuit of which, manifestly, the assignment and release of the judgment, instead of opposing an obstacle, are indispensable conditions. Such assignment and release, fraudulently procured, is the gravamen of the action.

Demurrer overruled, with leave to answer.