that he gave him any memorandum of the amount, or made any request that he would do anything in the matter except pay it then and there. Without attempting to prescribe any particular mode in which such claims must in all instances be presented under this statute, it is safe to say that they must be presented by one who at least claims authority to act for the claimant, and in such a manner as will afford opportunity and sufficient information to the officer to enable him to present it to the proper auditing officers, and to procure authority and means to pay it. It is plain to see that Allen had no idea of demanding and receiving payment of this claim, and that he never expected or asked the treasurer to pay it. Without deciding whether the claim, to be available under this section, should have been itemized and verified as required by section 10 of title 3 of the general village corporation act (Laws 1870, c. 291, as amended by chapter 160 of the Laws of 1891), we hold that, under the facts as they appear before us, no such presentation as is required by section 3245 of the Code has been made, and that, therefore, the plaintiff was not entitled to recover costs against the defendant.

The order appealed from should be reversed, with $10 costs and disbursements. All concur.

Order reversed, with $10 costs and disbursements, and motion below denied, with $10 costs.

(15 App. Div. 360.)

WESSELS v. CARR.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

1. FRAUD—FALSE REPRESENTATION OF SOLVENCY—COMPROMISE.

A cause of action for fraud is stated by a complaint by a judgment creditor against the debtor alleging that the debtor procured, for less than the amount of the judgment, an assignment of it to a third person, and a release from the creditor, by falsely representing that he was unable to pay his debts, and that the assignee would pay the consideration for the assignment, whereas in fact the assignment was for the debtor's benefit, and the consideration was paid by him. 38 N. Y. Supp. 600, affirmed.

2. COMPROMISE AND SETTLEMENT—FRAUD—REMEDIES.

A judgment creditor induced by fraud to release the debtor for less than the amount of the judgment may sue for damages for the fraud, and is not confined to an equitable action to cancel the release. Gould v. Bank, 86 N. Y. 81, followed.

3. SAME—OFFER TO RESTORE CONSIDERATION.

In such case the creditor need not offer to return the amount received for the assignment and release.

Appeal from special term, New York county.

Action by Edward J. Wessels against Alfred Carr. From an interlocutory judgment overruling a demurrer to the complaint for insufficiency (38 N. Y. Supp. 600), defendant appeals. Affirmed.

The allegations of the complaint, summarized, are that the plaintiff recovered a judgment against the defendant for $1,237.49, which he endeavored to collect; that the defendant willfully, intentionally, and falsely represented to the plaintiff that he was a poor man and could not pay a dollar of his debts, but if plaintiff would accept $250, and give the defendant a general release, the defendant would procure a party to take an assignment of the judgment for that sum; that, relying on such statement, the plaintiff gave the defendant a release, and made and executed an assignment of the judgment to a clerk in the defendant's employ, who

paid nothing for such assignment; that the object in having the assignment made to the clerk was to defraud the plaintiff, and deceive him into believing that the defendant was a poor man and unable to pay; that such representations were false and untrue, and made with intent to defraud and deceive the plaintiff; that the defendant at that time was a man of means and able to pay; and that by reason of the premises the plaintiff has suffered damages in the sum of $1,500.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.

W. J. Woods, for respondent.

O'BRIEN, J.   Little need be added to the satisfactory opinion delivered by the learned judge below.  The essential constituents of an action of fraud are representations, falsity, scienter, deception, and injury.  The complaint contains all these elements.  The only question that can arise is whether the character of the representations, if proved, is of a sufficiently grave nature to entitle the plaintiff to relief.  In other words, will a false and fraudulent representation—made with intent to induce a compromise—that one is poor and unable to pay his debts, when in fact he is able, justify an action for damages?   Of course, if the fraud is sufficiently grave, the release and assignment present no insuperable barrier to a recovery. In Gould v. Bank, 86 N. Y. 81, it is said:

"If there had been no dispute as to the amount due the plaintiff, if the sole defense of the defendants had been the compromise, and if at least the $25,000 was indisputably due the plaintiff, then it would have been unnecessary for the plaintiff to tender or return to the bank the money paid, because, in any view of the case, so much would have been due the plaintiff,—by virtue of the compromise, if that was upheld, and, if that was vacated, then in consequence of the original liability.  It was, in principle, so held in Pierce v. Wood, 3 Fost. 519. It was there decided that if a person effect a compromise of his debts by fraudulent representations, and procure a discharge of the same by paying a per cent. thereon, and an action be brought to recover the balance, on the ground of fraud, it is not necessary, as preliminary to the right of recovery, that the plaintiff repay or offer to repay the per cent. received, and that the doctrine of the rescission of contracts does not apply to such a case.  In that case * * * the plaintiff was entitled to the per cent. paid him, whether he succeeded in the action or not."

While we have been unable to find an authority precisely in point upon the question whether the representations alleged, if false, were of a sufficiently grave nature to vitiate an assignment of judgment or a compromise, we have found cases in which fraudulent representations as to solvency and as to one's assets and liabilities were held sufficient.  We think the fair inference to be drawn from the statement that defendant was unable to pay his debts is that he was insolvent, and that such statement, coupled with the other facts alleged, was intended to induce the plaintiff to believe that the defendant, being without any means whatever, would need the assistance of a third person to furnish him the money to be paid upon the compromise.  If such representations were, as alleged, false and untrue, and fraudulently made, we think they are sufficient.

The appellant insists, however, that the form of his action is bad, and that, if it can be maintained, then the plaintiff would be

able to succeed in recovering another judgment in addition to the
one that he sold and assigned for the same claim that was merged
in the judgment. As this same question was presented and dis-
posed of in the case of Gould v. Bank, from which we have quoted,
and also in the same case subsequently reported in 99 N. Y. 333, 2
N. E. 16, it is unnecessary to discuss it further.

Our conclusion is that the judge below was correct in holding that
the complaint was sufficient in substance, and not obnoxious to de-
murrer, and that, therefore, the judgment should be affirmed, with
costs, but with leave to the defendant to withdraw demurrer and
answer over on payment of costs in this court and in the court be-
low. All concur.

_____

(15 App. Div. 37.)

KERBY v. CLAPP et al.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

1. FIXTURES—COOKING RANGE.
    A cooking range is not a fixture merely because it is attached by a screw
    coupling to the water-pipe system of the house.
2. SAME—HEATER.
    A heater is not a fixture, though attached to a fireplace while the house was
    being built, where it can be removed without injury to the freehold, and there
    is no evidence of the owner's intent in attaching it.
3. SAME—CONDITIONAL SALE OF CHATTELS.
    Chattels conditionally sold, and affixed to realty by the buyer, do not pass
    by a sale of the realty before the chattels are paid for, though the vendee has
    no notice of the conditional sale.
4. CONDITIONAL SALES—FILING OF CONTRACT—EXCEPTIONS.
    Cooking ranges and fireplace heaters are within Laws 1893, c. 684, § 1,
    providing that contracts for the conditional sale of "household goods" and
    "portable furnaces" need not be filed.
5. SAME—WHO IS PURCHASER.
    The vendee of a house to which chattels are attached is not a purchaser of
    the chattels, within Laws 1884, c. 315, providing that contracts for the con-
    ditional sale of chattels are void as against subsequent purchasers without no-
    tice unless filed.

Appeal from judgment on report of referee.

Action by William Kerby against Henry F. Clapp and another
to recover for the conversion of certain heaters and ranges. From
a judgment in favor of plaintiff, defendants appeal. Affirmed.

The opinion of WILLIAM J. CARR, Esq., to whom the cause was
referred to hear and determine, is as follows:

On March 1, 1894, the plaintiff made to one Peter Van Varick a written pro-
posal to furnish to said Van Varick, for use in certain houses then being built on
Van Voorhis street, in the city of Brooklyn, owned by one Annie Winter, certain
heaters· and ranges, to be fitted in and attached to said houses. On April 18,
1894, Van Varick accepted the proposal, and there was indorsed on the back of
the written proposal a memorandum in writing in which it was provided that the
plaintiff should be paid in installments, part on delivery of the goods, part in
thirty days from delivery, and the balance within sixty days from delivery. The
memorandum contained a clause as follows: "And it is understood that the goods
·specified in this contract are not to be considered as sold, or title to be passed,
until fully paid for." This memorandum was signed by the vendee, Van Varick.
At the same time the written contract, proposal, and acceptance were executed
in duplicate,—one given to the vendee and one retained by the vendor. In the lat-
ter part of the month of April, 1894, in pursuance of the contract, the vendor de-