MARCELLUS J. CONNOR, Plaintiff, *v.* JOHN ALLISON and Another, Defendants.*

Supreme Court, Rockland County, June 15, 1926.

Arrest — vacating order — objection that complaint and affidavit of justi- fication of sureties are verified and acknowledgment of sureties taken by plaintiff's attorney overruled — undertaking to obtain arrest order insufficient as to form and amount thereof under Civil Practice Act, § 835 — omission to give proper undertaking may be supplied under Civil Practice Act, § 105 — motion to vacate order of arrest denied.

On this motion by defendants to vacate an order of arrest, objections that the complaint and the affidavit of justification of sureties were verified before, and that the acknowledgment of sureties was taken by plaintiff's attorney as notary public, and that the bail required by each defendant is excessive, must be overruled. However, the undertaking is insufficient as to form, since it runs to the defendants jointly, and as to the amount thereof, since it is not at least one-tenth of the amount of the bail required pursuant to section 835 of the Civil Practice Act.

But under the broad terms of section 105 of the Civil Practice Act, in the discretion of the court, the omission may be supplied even to the extent of giving separate undertakings in place of the one already filed; and, therefore, the motion to vacate the order of arrest is denied upon condition that the plaintiff file two separate undertakings, one running to each defendant and each complying with section 835 of the Civil Practice Act.

MOTION by defendant to vacate order of arrest.

*Thomas Gagan,* for the defendant Allison.

*Morton Lexow,* for the defendant Ziegler.

TAYLOR, J. The defendant John Allison's objections — (a) that complaint and affidavit of justification of sureties are verified before, and that the acknowledgment of the sureties is taken by, the plaintiff's attorney as a notary public; and (b) that the bail required of each defendant is excessive — are, and each of said objections is, overruled. The objection that the undertaking to obtain the order of arrest, purporting to be given in pursuance of Civil Practice Act (§ 835) is insufficient, is sustained, both as to the form of the undertaking, which runs to the defendants jointly, and as to the amount thereof, which is not at least one-tenth of the amount of the bail required. (Civ. Prac. Act, § 835.) The question is whether the omission to give a proper undertaking to each defendant, as, in effect, required by the said section of the Civil Practice Act, is an omission which may be supplied.

Under the broad terms of section 105 of the act, I hold that, in

the discretion of the court, such omission may be supplied, even to the extent of giving new and proper separate undertakings in place of the one already filed. I think that the act is broader in its terms than the corresponding provision of the former Code of Civil Procedure. Therefore, the motion to vacate the order of arrest is denied, but upon the plaintiff filing within ten days, two separate undertakings, one running to the defendant Allison and the other to the defendant Ziegler, and each complying with section 835 of the Civil Practice Act, and further upon the plaintiff paying, within the time so limited, the sum of ten dollars motion costs to the attorney for the defendant Allison.

Ordered accordingly. Settle order before me at Mt. Vernon on two days' notice.