GEORGE BATTO and Others, Appellants, *v.* WESTMORELAND REALTY Co., INC., and WILLIAM WITTSCHACK, Defendants, Respondents. NATIONAL SURETY COMPANY and Others, Respondents.

Second Department, December 15, 1930.

*Stephen Callaghan* [*Selma Munter Lobsenz* with him on the brief], for the appellants.

*Charles E. Hughes, Jr.* [*Ralph S. Harris* and *Harold L. Smith* with him on the brief], for the defendant, respondent, Westmoreland Realty Co., Inc.; [*Ralph S. Harris, Harold L. Smith* and *William E. Bardusch* with him on the brief], for the respondents Frank E. Taplin and another; [*Ralph S. Harris, Harold L. Smith* and *Fred W. Hamberg* with him on the brief], for the respondent National Surety Company.

CARSWELL, J.   The determinative facts are not in dispute.   The plaintiffs recovered judgments in three negligence actions, tried together, against the Westmoreland Realty Company, Inc. (herein called realty company) and its chauffeur and codefendant, Wittschack.   The two defendants appeared by separate attorneys. The realty company disclaimed negligence generally, and particularly disclaimed responsibility for Wittschack's negligence, if any, on the ground that he was ·operating the realty company's vehicle without authority from the realty company, on a personal expedition of his own.   Wittschack asserted that he was not negligent.

After the entry of judgments new attorneys superseded the former attorneys for the realty company but Wittschack continued to be represented by his original attorney.   Execution issued against the realty company and it was examined in supplementary proceedings.   Execution did not issue against Wittschack.

The realty company, on August 15, 1930, one day before the

expiration of the period within which it might appeal, induced one Taplin of Cleveland and one McVeigh of New York to indemnify the National Surety Company (herein called surety company) to have it execute undertakings on appeal for the realty company. They were furnished as a last minute job on Saturday, August 16, 1930. As a consequence of activities, which need not be detailed, the surety company in furnishing the realty company's attorneys with undertakings on its appeal to the Appellate Division, although not requested to do so, phrased the undertakings so as to bond the judgments against Wittschack. In preparing the undertakings the surety company utilized the notice of appeal which had been served on behalf of both defendants, the realty company and Wittschack, and signed by separate attorneys for each defendant. It had its undertakings follow that form to the extent of bonding the judgments as against both the realty company and the individual defendant, Wittschack. The realty company, Taplin and McVeigh, the indemnitors of the surety company, had no interest in the individual defendant Wittschack. The realty company's interests in the litigation were and are hostile to Wittschack. The preparing of the undertakings in this form, so as to include the bonding of the judgments against the defendant Wittschack, was clearly due to mistake or error. The mistake, however, was not immediately discovered by the realty company's attorneys nor was it discovered by those who executed the idemnity agreements running to the surety company, containing the same mistake, and signed by Taplin and McVeigh, which indemnity agreements were signed and delivered after the undertakings had been issued and filed on Saturday morning, August 16, 1930, and copies thereof served by the realty company's attorneys on the plaintiffs' attorney.

Four days then intervened before the discovery of the mistake. On Wednesday, August 20, 1930, the realty company's attorneys discovered that the undertakings which were filed and served the preceding Saturday had been erroneously phrased as indicated.

A representative of the realty company's attorneys called upon the attorney for the plaintiffs. He stated that it was desired to correct the mistake on stipulation. Plaintiffs' attorney frankly stated that she had not noticed the mistake; had not even read the undertakings and had taken it for granted that the realty company's attorneys were only representing the realty company. She expressed surprise upon learning that the undertakings bonded the judgments against Wittschack as well as the realty company. She further stated that execution had not issued against Wittschack because she understood he had no property. She indicated a

disposition to consent to the correction but desired time for reflection and consultation respecting it, fixing August twenty-fifth as the date of decision. On that day plaintiffs' attorney informed the realty company's attorneys that she would not consent to the change, whereupon a motion was made returnable August 28, 1930, to get the relief sought by stipulation. This motion was adjourned by consent until September 10, 1930, when it was heard and granted. From the order entered thereon the plaintiffs appeal.

It has been settled practice, too long now to be disturbed, to permit the correction of undertakings on motion when the same, through excusable mistake or inadvertence, do not conform to the intent of the parties furnishing them, where the granting of such relief does not work any real or actual prejudice to any party to the litigation. This was and is the procedure at common law, under the Code of Procedure, the Code of Civil Procedure and the present Civil Practice Act. (*Zenith Bathing Pavilion, Inc.*, v. *Fair Oaks S. S. Corp.*, 211 App. Div. 492; *Connor* v. *Allison*, 129 Misc. 226; *Burns* v. *City of Watertown*, 126 id. 140; *Irwin* v. *Judd*, 20 Hun, 562 [First Dept.]; *Ingalls* v. *Nutter*, 172 N. Y. Supp. 210; *O'Sullivan* v. *Connors*, 22 Hun, 137 [Second Dept.], and Civ. Prac. Act, § 105.) The basic principle, which those cases have applied, is stated in *Barry* v. *Mutual Life Ins. Co. of N. Y.* (53 N. Y. 536, 539): " All the proceedings in an action are under the control and subject to the direction of the court, so long as the action is pending. (3 P. Wms. 242.) No fixed legal right exists to retain an order, or even a judgment in an action, and either may be vacated and set aside in the exercise of that discretion which exists in all courts of record."

The order of the Special Term is amply sustained by the authority it cites (*O'Sullivan* v. *Connors*, 22 Hun, 137). It is urged, however, that in that case the undertaking in form did not and was not intended to stay proceedings pending the appeal, while, in the case at bar, the undertakings by their terms purported to stay proceedings pending the appeal. That makes no practical difference, however, in the application of the controlling principle under the essential facts existing herein. Despite the form of the undertakings herein, they did not operate to prevent the plaintiffs' attorney (she being unaware that their terms included Wittschack) from issuing execution and pursuing remedies under the judgments as against Wittschack, because the plaintiffs' attorney states that she did not know that the undertakings covered Wittschack and further that she had not intended to issue execution against Wittschack, and did not do so. She was wholly uninfluenced by the mistaken form of the undertakings. Plaintiffs, therefore, were

not prejudiced, in fact, by the form of the undertakings or misled into refraining from pursuing Wittschack during the four days that the undertakings were, in form, a barrier to pursuing Wittschack on the judgments. The error in the undertakings did not, therefore, operate to the prejudice of the plaintiffs so far as the defendant Wittschack was concerned. The maximum period during which, unknown to plaintiffs, this obstruction existed was four days, at the end of which time the opportunity to correct on consent, and thus be enabled to pursue Wittschack, became available to the plaintiffs' attorney.

Not having acted upon or relied upon the error of the realty company, the surety company, and the surety company's indemnitors, the plaintiffs may not be heard to say, contrary to the fact, that they were prejudiced by reason of that mistake. The courts look to substance rather than to form in such circumstances. A different situation would exist if the plaintiffs, during those four days that the undertakings bonded the judgments against Wittschack, had refrained from issuing execution in reliance upon the undertakings. Therefore, looking to substance, there is and can be no distinction made between *O'Sullivan* v. *Connors* (*supra*) and the instant case.

Plaintiffs urge that the contractual obligations embodied in these undertakings may not be changed because the mistake invoked therein is unilateral. The doctrine of cases wherein reformation is sought because of mutual mistake is invoked as a bar to the relief granted herein. Such a view is based upon a mistaken conception of the acts of the parties herein and the instruments embodying them, and the mechanics utilized at Special Term in correcting the error. Each undertaking herein, while, in each instance, in form constituting but one contract, in fact contains two contracts. One was a contract bonding the plaintiffs' judgments against the realty company and staying execution thereon against it; the other was a contract bonding the plaintiffs' judgments against Wittschack and staying execution against him. The only one of these contracts, on the undisputed facts, which was intended to be made by the realty company and its indemnitors was the bonding of the judgments of the plaintiffs against the realty company. The other contract incorporated in the same instrument, bonding the judgments of the respective plaintiffs against Wittschack, was, on the undisputed facts, never intended to be made. In such a situation the striking out from each instrument of the provisions that bonded each judgment as against Wittschack was not, in form or principle, a reformation of the contract. It was the leaving of one contract involving the realty company

undisturbed and the rescinding of the other contract, affecting Wittschack, as never having been intentionally entered into by the parties concerned, in the form the instrument acquired.

The doctrine respecting mutuality of mistake in the reformation of contracts is not involved, because no reformation is being had as to the contract acted upon. It is the principle of rescission which operates upon one of the contracts involved herein, which contract was unintentionally given binding form. The mechanics of effecting the rescission, superficially observed, closely resemble the mode utilized in effecting a reformation. But that should not obscure the fact that the principle of rescission is operating exclusively with respect to one contract only, contained in an instrument that in substance contained two contracts. The rescinding of one of these contracts is done by eliminating certain language contained in the instrument. This works a rescission of that particular contract but not a reformation of that particular contract, since the other contract involving each judgment against the realty company was intended only to include the realty company, and it stands untouched and unmodified. When a reformation of a contract is had, a contract persists, but with different terms in consonance with the true intentions of the parties. When a rescission of a contract is had, the apparent contract is declared non-existent because the true intentions of the parties evolved no contract or the law declares their acts to be ineffective to create a persisting contract. Upon this view, the doctrine of mutuality with respect to reformation in contracts has no application and, therefore, only the rules governing rescission have controlling effect. It is long-settled law that rescission of a contract may be had for a unilateral mistake. (*Harper, Inc.*, v. *City of Newburgh*, 159 App. Div. 695 [Second Dept.]; *Crowe* v. *Lewin*, 95 N. Y. 423; *Metzger* v. *Ætna Ins. Co.*, 227 id. 411, 417; *Salomon* v. *North British & Mercantile Ins. Co.*, 215 id. 214, 218; *Isaacs* v. *Schmuck*, 245 id. 77, 82.)

The fact that the plaintiffs were not parties to the mistake that grew out of the acts and conduct of the realty company, the surety company, and the individuals Taplin and McVeigh, is without legal significance in the light of the fact that plaintiffs did not suffer actual prejudice as a consequence of relying upon the instrument that embodied the mistake by way of refraining from pursuing their remedies on their judgments against defendant Wittschack. Moreover, the mistake not having operated to the actual prejudice of the plaintiffs, sound equitable principles require that relief therefrom be not denied at the behest of parties who have not suffered as a consequence of the mistake. (3 Williston Cont. § 1573.)

The case of *Malloy* v. *United States Casualty Co.* (229 App. Div. 712; S. C., Id. 768) is not in conflict with the foregoing views. It is to be distinguished on its facts. It recognizes the propriety of granting relief in a proper case, although the relief therein sought was denied. The denial was because it appeared beyond cavil that the plaintiff there was prejudiced as a consequence of relying upon the instrument that contained the mistake or error sought to be corrected under the application of the principle of rescission, and this prejudice persisted despite an opportunity afforded to the moving parties therein to put the plaintiff in the position of being freed from the consequence of that prejudice by the procuring of an appropriate stipulation from a third party.

Accordingly, the order appealed from should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, HAGARTY and TOMPKINS, JJ., concur.

Order granting motion to correct the form of undertakings on appeal affirmed, with ten dollars costs and disbursements.