E. T. C. CORPORATION, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.

(Argued April 23, 1936; decided May 19, 1936.)

*Richard S. Holmes, W. H. L. Edwards* and *Harold P. Winans* for appellant.

*Paul Collins* and *James J. Carroll* for respondent.

HUBBS, J. In February, 1931, the respondent purchased from the appellant two guaranteed mortgage certificates for the sum of $37,500. Respondent claims that it was induced to enter into the contract of purchase by the false and fraudulent representations of appellant that the certificates participated in a guaranteed mortgage on improved real estate in the city of New York. In October, 1933, according to respondent's proof, its officers first learned that the representations were false and that these certificates did not give respondent a share in a guaranteed mortgage on improved real property but that the land covered by the mortgage was vacant land. On August 28, 1934, the respondent wrote the following letter to the appellant: " We hereby notify you that we elect to rescind our contracts of purchase of February 10, 1931 and February 13, 1931, hereby tender back to you certificates #118,501 and #118,431 with interest received by us in the sum of $3,702.95, and demand that you return to us the purchase price paid by us amounting to $37,500 with interest on $12,500 from the 10th day of February, 1931, and on $25,000 from the 13th day of February, 1931."

Appellant made no reply to this letter. Respondent never returned the certificates nor the sum received as interest, nor did it make any further offer so to do.

In this action the respondent seeks to recover the money paid for these certificates based upon rescission of the contract. At the close of the respondent's case the court granted the motion of appellant to dismiss the

complaint on the ground that respondent had never tendered the certificates prior to the commencement of the action. The court also indicated as a second possible ground of dismissal that respondent's long delay in attempting to rescind after knowledge of the alleged fraud was undue delay and fatal to its cause.

The Appellate Division reversed the judgment of the Trial Term on the law and granted a new trial, holding that the tender at the trial was sufficient. Appellant having given the proper stipulation appealed to this court. It is conceded that an offer to return the money received by respondent as interest was not necessary since it would be entitled to receive either that sum as interest, or if successful, interest at six per cent on the sum paid for the certificates.

In an action at law based upon a rescission of a voidable contract, the rule has long been established that the party must restore or offer to restore before suit whatever he has received by virtue of the contract. (*Casey* v. *Kastel*, 237 N. Y. 305; *Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75.)

In an equitable action for rescission, it is sufficient to make the offer in the complaint. The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract. Where a contract has been wholly or partly executed before an action at law can be maintained based on a rescission, the parties must be restored to the position they occupied before the contract was entered into. "All rights which are transferred, released or created by the agreement are revested, restored or discharged by avoidance." (*Gould* v. *Cayuga County Nat. Bank, supra*, p. 80.)

" Many of the courts have, in dealing with this question, completely lost sight of the plain distinction between the equitable remedy of rescission or cancellation (where, as in all equity decrees, complete relief is awarded to the defendant as well as to the plaintiff), and the legal

remedies, based upon rescission of a contract by the act of a party thereto, where, in the act of rescission itself, the plaintiff must restore or attempt to restore the consideration, since, in legal theory, the *ex parte* act of rescission reinvests him with the legal title to the thing for the possession of which he subsequently sues, and must, therefore, be conditioned upon a surrender of the thing already received by him in pursuance of the transaction which he thus avoids." (5 Pomeroy on Equity Jurisprudence, p. 4765.)

It is an elementary principle that in an action at law based upon a rescission, restitution before action is necessary. (American Law Institute, Restatement of the Law of Contracts, § 480.)

Exceptions to this rule have been recognized. Where the injured party holds the note of the other party, it has been held that he need not offer to make restoration before trial. That is on the theory that a note, as between the parties, constitutes a mere promise to pay and becomes valueless when the contract is voided. (*Nichols* v. *Michael*, 23 N. Y. 264; *Berry* v. *American Central Ins. Co.*, 132 N. Y. 49.)

Likewise where what a party has received consists only of money, the amount of which he will be entitled to in any event, he need not make offer of restitution. (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75.) But where a party has been by fraud induced to accept a note of a third party as payment of a debt, he must make restitution of the note before proceeding upon his original claim. (*Estabrook* v. *Swett*, 116 Mass. 303.)

Where a party has received certificates of stock under a contract, he must return the certificates before bringing action to recover what he has paid. (*Cobb* v. *Hatfield*, 46 N. Y. 533; *Bassett* v. *Brown*, 105 Mass. 551.)

It seems, therefore, to be well settled that if these participation certificates are in themselves things of value, an offer to return them should have been made

before suit was brought to recover the sum paid. On the other hand, if, as respondent contends, they are merely evidentiary of the agreement between the parties, respondent has sufficiently indicated its rescission of the contract. Let us consider the nature of the mortgage certificates in question.

They recite that the Title Guarantee and Trust Company (called the Company) has received from the E. T. C. Corporation a sum of money " for the purchase of and hereby assigns to the purchaser an undivided share " of a certain mortgage. The bond and mortgage together with the policy of the Bond and Mortgage Guarantee Company guaranteeing to the holders the payment of principal and interest are declared to be held by the Company as depositary and agent for the holders of the certificates. The Company is to receive the principal and interest when due and distribute it. The Company has the privilege to take up and cancel the certificates upon giving thirty days' notice to the holder and paying the amount due. It is further provided: " This certificate is not negotiable. The only way that the interest of the purchaser can be transferred is by the surrender of this certificate to the Company duly assigned and the issuing of another certificate to the transferee."

Respondent urges that the certificates are not things of value; that they are merely evidence of an equitable title to a part of the mortgage and, therefore, that it was not necessary to tender them to respondent before commencing the action. If they had been promissory notes evidencing appellant's promise to pay a sum of money, there would have been no necessity of tendering their return before action brought, since they would constitute merely one of the promises of the contract and would go out of existence with the contract. The certificates were more than that. They were things of value. In each one appellant assigned to respondent an equitable interest in the mortgage which it owned. Each certificate gave

respondent certain rights and certain interests. Appellant had legal title to the mortgage. But while these certificates were outstanding they cumbered its title with a lien. (*Matter of People* [*Title & Morggage Guarantee Co.*] 264 N. Y. 69, 88.)

" If they were capable of serving any purpose of advantage by their possession or control, or if their loss was a disadvantage to the tenant in any way, he was entitled to have them returned." (*Bassett* v. *Brown*, 105 Mass. 551, 558.)

Before respondent could rescind the contract, it should have returned or have attempted to make a return of the certificates. Its letter of August 28, 1934, was not sufficient for this purpose. It stated " we * * * hereby tender back to you certificates * * * and demand that you return to us " the sum paid. No attempt was ever made to return the certificates. That gesture was ineffectual.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division. (See 271 N. Y. 659.)

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and FINCH, JJ., concur; LOUGHRAN, J., not voting.

Ordered accordingly.