REBECCA ROSENFELD, Plaintiff, *v.* MAX S. ROSENFELD, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District,
November 12, 1937.

886

*Samuel Saltzman,* for the plaintiff.

*William Weiss,* for the defendant.

WATSON, J. The essential elements of an action for fraud and deceit are representation, falsity, scienter, deception and injury. When these elements are sufficiently pleaded the complaint will withstand a dismissal.

By order of the Supreme Court, New York county, in a separation action, Benjamin Rosenfeld, husband of the plaintiff, was directed to pay to her alimony, *pendente lite,* at the rate of twenty dollars per week. On June 23, 1932, he was in default of five weeks' payment. On that day the defendant in the instant action made the following representations to the plaintiff through her attorneys: That her husband had exhausted all of his funds for medical expenses and was thereby unable to make the alimony payments as required by the said order; that the only property owned by plaintiff's husband on that date consisted of some non-productive mortgages; that Benjamin Rosenfeld was in an impoverished condition and that he, the defendant, Max S. Rosenfeld, by reason thereof had been personally making the alimony payments

of twenty dollars a week previous to the default out of his own funds, and that if the plaintiff would accept thereafter twelve dollars a week instead of twenty dollars weekly provided in the order, he would pay the same from funds of his own in order to aid his father; that in reliance upon these representations and believing them to be true, plaintiff was induced to, and did accept, alimony payments at the rate of twelve dollars weekly for 111 weeks, and that she was thus denied the difference of eight dollars a week for that period of time, which totalled the sum of $888.

It is further alleged that after the death of Benjamin Rosenfeld on September 17, 1934, it was discovered that at the time it was claimed that he was in an impoverished condition he had on deposit to his credit funds in banks amounting to $90,000 or more; that the mortgages held by him were valuable and income producing; that the defendant connived with his father to secrete some of these assets by causing the funds on deposit to his father's credit to be transferred to him for the purpose of evading full payment of the weekly alimony specified in the order with the view of perpetrating a fraud upon the plaintiff.

The amended complaint alleges further that these representations made by the defendant were false and known by him to be false at the time they were made; that they were made for the purpose of fraudulently inducing plaintiff to rely upon them; that she did rely upon them without knowledge of their falsity, and that she was injured by the loss of the difference between the amount of alimony which she would have received under the order and the amount which she was fraudulently induced to accept over the period of time alleged.

At the time of the making of these representations the defendant knew or should have known that he was under no legal liability to pay any part of the alimony out of his own funds. And it is alleged that the existent substantial assets of Benjamin Rosenfeld during his lifetime, which were fraudulently transferred to the defendant with the latter's connivance, were more than sufficient to meet the required payments under the order, and that this defendant never intended to, nor did he, in fact, make the reduced payments from funds of his own. These facts, if proved at the trial, and the inferences to be drawn from them, would invite the conclusion that the representations made by defendant were false, known by him to be false, that they were made to deceive the plaintiff, with no knowledge by her of their falsity, and that she, in reliance upon them, was actually deceived as to her husband's true financial condition, to her detriment. Thus, plaintiff's *prima*

*facie* case as to the elements of representation, falsity, scienter and deception will have been established.

It is contended that even should these elements be presented at a trial there would be no showing that plaintiff has suffered injury since her remedy was complete under the alimony order, and that she could have enforced its obedience in the proper forum while her husband lived. This contention is not persuasive of defendant's immunity from defending the issues raised by the plaintiff's amended pleading. The plaintiff was lulled into the belief that her husband was in impecunious straits brought about by exhaustion of his funds for his own medical expenses. That circumstance and the condition of his health which occasioned those expenses were factors appealing to the emotions and which may have invited restraint in invoking measures that were then available to the plaintiff to secure strict enforcement of the court's mandate.

It is common knowledge that, despite marital differences between individuals necessitating resort to judicial tribunals to settle their grievances, visitations of sickness, calamity or misfortune may so temper existing bitterness as to render either or both of the contending parties amenable to the dictates of the finer impulses of the human heart.

Defendant's wrongful conduct beguiled the plaintiff into acceptance of a lesser sum than that to which she was entitled under the order. She was denied the amount of the difference through the machinations of the defendant. She lost something of value. Her injury is the accumulated amount of that difference for the period during which it was withheld from her.

It is also said that a circumstance indicative of lack of merit in plaintiff's present cause of action which should be considered on this application is the failure of the plaintiff to follow through with her separation to a final adjudication, which would have secured to her all the benefits to be derived thereunder, and which would have obviated pursuit of the defendant herein for the amount sought to be recovered. But it is not unlikely that her husband's physical and financial condition, as portrayed to plaintiff by the defendant, dulled the call to diligence in the prosecution of that action against the husband.

Nor does delay in commencing the action at bar, since discovery of the fraud, urged by the defendant as laches, foreclose the plaintiff of her right to assert the claim set out in her complaint. The action at law is one to recover damages for fraud, and was begun within the time prescribed by the Statute of Limitations. " Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or

slowly, within the limits allowed by law, but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right." (The doctrine of laches as defined in 4 Pomeroy Equity Jurisprudence [4th ed.], § 1442, and quoted in *Chase* v. *Chase*, 20 R. I. 202, and *Goldberg* v. *Berry*, 231 App. Div. 165, 170.)

The action is not within the pale of section 31 of the Personal Property Law, as contended by defendant, for it is not one to answer for the debt, default or miscarriage of another, which requires that an agreement upon which recovery is desired shall be in writing, signed by the party to be charged, or by his lawful agent.

Plaintiff's amended complaint has met the test as to all of the requisite allegations for the establishment of a *prima facie* case in an action of this nature. (*Allen* v. *Addington*, 7 Wend. 9; *Adams* v. *Gillig*, 199 N. Y. 314.)

Defendant's motion to dismiss plaintiff's amended complaint is denied, with ten dollars costs.

### Supplementary Opinion on Motion to Resettle Order and for Leave to Appeal.
(December 17, 1937.)

WATSON, J. Defendant moves for (1) a resettlement of the order made on November 12, 1937, denying defendant's motion to dismiss plaintiff's amended complaint by including therein a provision granting leave to defendant to serve an answer to the amended complaint pursuant to section 90 of the Municipal Court Code, and (2) for leave to appeal to the Appellate Term of the Supreme Court, First Judicial Department, from said order, as resettled. The motion is granted to the extent of granting leave to the defendant to serve and file an answer to the amended complaint within five days from service of a copy of the resettled order to be entered herein, with notice of entry thereof.

The motion, in so far as it seeks leave to appeal, is not entitled to favorable consideration. In my opinion no doubtful or novel question of law is presented.

The amended complaint is closely analogous to the complaint which was held good in *Wessels* v. *Carr* (15 App. Div. 360).

It comes with poor grace from defendant to urge plaintiff's failure to proceed against her husband, during his lifetime, to enforce the alimony order, when defendant himself, as alleged, induced such inaction by his misrepresentations. At any rate, defendant cannot defeat the cause of action alleged against him by asserting that plaintiff may also have had a remedy against her husband. (*Hornstein* v. *Podwitz*, 254 N. Y. 443, 448, 449.) The fact is that

she cannot prove the arrears of alimony against her husband's estate (*Matter of Thrall*, 12 App. Div. 235; affd. on opinion below, 153 N. Y. 644; *Matter of Hudes*, 128 Misc. 362); and while she may still have a cause of action against her husband's estate for the fraud, if she can prove that he was a joint tort feasor with defendant, that would not bar the suit against defendant for his wrongdoing, since joint tort feasors are severally liable.

The fact that plaintiff did not press her separation suit cannot destroy her present complaint. If she was negligent in the prosecution of that suit her husband might either himself have brought it to trial or moved to dismiss or for other relief; but the alimony order stood until the action was terminated, and so long as it stood the alimony thereunder accrued and was payable.

For the foregoing reasons, in addition to those set forth in my opinion on the motion to dismiss, I am satisfied that to grant leave to appeal would serve no useful purpose and would but delay the trial and determination of the action upon the merits, and accordingly the application for that relief is denied.