RUSSO v. SOFIA BROS., Inc., et al.

District Court, S. D. New York.

Feb. 10, 1942.

Gustave Suss, of New York City (Louis S. Maritzer, of New York City, of counsel), for plaintiff.

Goodman & Mabel, of New York City, for defendant Isadore Lorber.

Fertig, Walter & Gottesman, of New York City (Alfred A. Walter, of New York City, of counsel), for defendants, Sofia Brothers, Inc., The Three Sofia Brothers Corporation (sued herein as Three Sofia Brothers, Inc.) T. J. F. Holding Corporation, Theodore Sofia, John J. Sofia and Pauline Sofia.

MANDELBAUM, District Judge.

The defendants (except Reimer and Catalano) move for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The defendant, Isadore Lorber, brings a separate motion for the same relief upon additional grounds.

In brief, plaintiff, the administratrix of her husband's estate, alleges that the defendants induced her, through fraudulent means and misrepresentations, to accept the sum of $7,500 in full release and satisfaction of a judgment, amounting to $36,465, obtained after trial for the wrongful death of her husband. In fact, she says, the defendants were financially able to meet this judgment; that the Consolidated Indemnity & Insurance Company insured the defendants, Sofia Bros., Inc., under the contract of insurance whereby the insurance company agreed to pay for bodily injuries or death to one person up to a limitation of $100,000; that the said insurance company had a reinsurance contract with the General Reinsurance Corp. whereby the latter reinsured the risk assumed by the Consolidated Indemnity & Insurance Company in all amounts in excess of $5,000.

She further alleges that it was after the Consolidated Indemnity & Insurance Company was liquidated by the State Insurance Department, that this fraudulent scheme and conspiracy was entered into, in order to render the defendant, Sofia Bros., Inc., judgment proof and thereby induce her to accept a sum other than that to which she was entitled. Out of the sum of $7,500 which she received in settlement of the judgment, $5,000 came from the General Reinsurance Corp. and the balance of $2,500 from the defendant,

Sofia Bros., Inc. She now seeks to recover the difference between what she received and the amount of the judgment, together with costs and counsel fees.

The defendants urge that this action at law is one to rescind a contract, and consequently the plaintiff must, as a condition precedent to maintaining this suit, return the sum of $5,000 which she received from the General Reinsurance Corp.

Plaintiff takes a contrary position and asserts that this is not an action to rescind the agreement of settlement, but purely an action in fraud and deceit, to recover the balance of a sum absolutely due plaintiff.

 During the argument of this motion, I was impressed with defendants' position, but from an examination of all the authorities submitted, I have reached the conclusion that the plaintiff's position is legally sound. It is not incumbent upon her to return or tender the sum of money she has received. The distinction between equitable rescission (which requires no actual tender of the consideration) and legal rescission (which requires a tender of what has been received) plays no part here, since it is clear that the instant suit comes into neither of the aforementioned categories. It is simply an action for damages at law for fraud and deceit. Every element of such action is present in the amended complaint, i. e., representation, falsity, scienter, deception and injury. Brackett v. Griswold, 112 N.Y. 454, 467, 20 N.E. 376. There is no dispute as to the amount (the judgment fixed a sum absolutely due to the plaintiff). The sole defense is the consummated compromise. Under such circumstances, it is well settled that the return of the consideration is unnecessary. To this effect, see Gould v. Cayuga Co. Nat'l Bank et al., 86 N.Y. 75; E. T. C. Corporation v. T. G. & T. Co., 271 N.Y. 124, 2 N.E.2d 284, 105 A.L.R. 999; Wessels v. Carr, 16 Misc. 440, 38 N. Y.S. 600, affirmed 15 App.Div. 360, 44 N. Y.S. 114; Pierce v. Wood, 3 Fost., N.H., 519. See, also, Deutsch v. Roy, 239 App. Div. 714, 268 N.Y.S. 606, affirmed 269 N. Y. 508, 199 N.E. 510; Rosenfeld v. Rosenfeld, 165 Misc. 885, 2 N.Y.S.2d 107.

The fact that part of the settlement was paid by General Reinsurance Corp., a third party, does not change the theory upon which this suit is predicated. The General Reinsurance Corp., in paying over the sum of $5,000, has discharged its obligation under the contract of reinsurance made with the Consolidated Indemnity & Insurance Company in liquidation. Obviously, it will make no difference whether the plaintiff ultimately recovers the full amount of the judgment from Sofia Bros. Inc. or nothing at all.

 The second motion on behalf of the defendant, Isadore Lorber, requires no lengthy discussion. He contends that the complaint fails to show that he participated in any conspiracy or scheme to defraud. With this, I cannot agree. His part, if any, in the transactions charged in the complaint, involves issues of fact which must await trial and cannot be disposed of summarily on this motion. He further questions the plaintiff's capacity to sue, since her letters of administration limits her power to sue for the wrongful death of her husband, whereas the present suit is for relief outside the scope of her limited letters of administration. I pass no opinion on this point and feel that this is a matter which should be reserved for the trial judge.

The motions for summary judgment are denied.

Settle order on two days' notice.