FRANK ASSOCIATES, INC., Appellant, v. JOHN J. RYAN & SONS, INCORPORATED, Respondent.

*Per Curiam.* Where as here ambiguity arises from the writings of parties to an agreement, the intention of the parties must be ascertained in the light of the surrounding facts and circumstances. Parol evidence is admissible for that purpose. (*O'Neil Supply Co.* v. *Petroleum Heat & Power Co.*, 280 N. Y. 50, 56; *Martin* v. *Crumb*, 216 N. Y. 500, 505.) It is also well settled that cancellation of a contract must be clearly expressed. (*Metallograph Corp.* v. *Arma Eng. Co.*, 205 App. Div. 100, 104, appeal dismissed 236 N. Y. 675.) Whether by exchange of letters in November, 1950, it was the intention of the parties to cancel the contract or whether it was their purpose merely to postpone its performance was a question of fact which should have been submitted to the jury. There was also an issue of fact as to whether plaintiff's successive demands for delivery beginning early in January, 1951, were within a reasonable time. In determining this issue, evidence as to the fluctuating market conditions in the industry in which the parties were engaged might be relevant.

In the circumstances, the complaint should not have been dismissed as a matter of law, but the issues should have been submitted to the jury. Judgment should be reversed and a new trial ordered, with costs to abide the event.

Peck, P. J., Dore, Cohn, Van Voorhis and Breitel, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.