[Civ. No. 19716.   Second Dist., Div. Three.   Jan. 7, 1954.]

LEON KANE, Appellant, v. ALLAN SKLAR, Respondent.

Ernest M. Silver and David I. Lippert for Appellant.

Harry C. Cogen and Milton N. White for Respondent.

SHINN, P. J.—Plaintiff brought this action for damages and an accounting of the profits of defendant's business, and also for an amount alleged to be due him for unpaid salary and money loaned. Judgment was in favor of plaintiff for $225 and he appeals.

The action was based upon an alleged breach of a contract by which defendant employed plaintiff to assist him as sales manager and assistant in the conduct of a business in men's wear. The contract recited that plaintiff was possessed of experience in the business and was leaving a lucrative employment in order to become associated with defendant. Plaintiff was to receive $125 per week salary and also 50 per cent of the net profits of the business. He was granted an option to purchase half of the assets of the business for $43,500, which option was to be irrevocable as long as he performed his services under the agreement. No time was fixed for exercise of the option. The term of the employment was to extend until the option was exercised, or until it expired. If plaintiff exercised his option, the parties were to enter into a partnership agreement under which they would have equal shares.

Plaintiff entered defendant's employ March 13, 1950. The contract was executed and dated April 7, 1950. Plaintiff's services were terminated August 11, 1950. The court found that "by the joint acts of the parties hereto and with their joint consent, the employment of said defendant terminated on August 11, 1950." The court found that defendant did not promise plaintiff a lifetime position and that the employment was subject to termination at the will of defendant. Two hundred and twenty-five dollars was awarded plaintiff as unpaid salary and money loaned.

Plaintiff alleged that he had been discharged without cause. The only question which requires decision on the appeal is whether there was substantial evidence to justify the finding that the employment of plaintiff was terminated by mutual consent. Although the evidence was sharply conflicting as to the circumstances under which plaintiff left the business, familiar rules require that the testimony given by plaintiff and his witnesses, insofar as it was contradictory of that of the defendant, be disregarded. In determining whether the evidence was legally sufficient we may consider only the evidence which tends to support the finding in question. That evidence may be briefly summarized. On August 4, 1950, defendant's accountant presented a statement showing a net

loss for the period January 1, 1950, to June 30, 1950, of $9,064.86. Defendant made efforts to borrow money from a bank for working capital, and was unsuccessful. He discussed the precarious condition of the business with plaintiff and they went together to plaintiff's former employer for the purpose of securing a loan, but were again unsuccessful. By August 11th there was insufficient money to meet the payroll. When defendant was informed of this fact he advised plaintiff of the situation and suggested that they both defer drawing their salaries. Plaintiff objected; he became aggressive, insisted on having his salary, and threatened to go to the Labor Commissioner with a complaint. Defendant remonstrated with plaintiff, but the latter stated that if he could not get his pay he was through. He dropped his keys on defendant's desk and walked out, but returned later and took away his personal belongings. Defendant did not see or converse with him again about the matter.

Although the essential allegation of the complaint was the claimed discharge of plaintiff, the finding that the employment was terminated by mutual consent negatived this allegation. The finding establishes that plaintiff was not discharged but quit voluntarily, and that defendant did not breach the contract.

The action is primarily for breach of contract. It was therefore incumbent upon plaintiff to prove that he was able and offered to fulfill all obligations imposed upon him by the contract. (Civ. Code, § 1439.) Plaintiff failed to meet this requirement; by voluntarily withdrawing from the contract he excused further performance by defendant.

''An executory contract may be rescinded, abandoned or terminated, either wholly or in part, by the mutual consent of the respective parties at any stage of their performance.'' (*Sanborn* v. *Ballanfonte,* 98 Cal.App. 482, 487 [277 P. 152] ; 12 Cal.Jur.2d p. 404.) The question whether there was an intent to abandon a contract is one of fact to be ascertained from all the facts and circumstances surrounding the transaction. (*Lohn* v. *Fletcher Oil Co., Inc.,* 38 Cal.App.2d 26 [100 P.2d 505] ; *Tompkins* v. *Davidow,* 27 Cal.App. 327, 335 [149 P. 788].) There was sufficient evidence to support the finding that the employment of plaintiff was terminated by mutual consent. It should be construed as a finding that the contract was abandoned by the parties and certainly it negatived the allegation of the complaint that plaintiff was discharged. If plaintiff was not discharged he had no action for

damages, and if the contract was abandoned he had no right to a share of the profits, if there had been any. Inasmuch as plaintiff failed to prove breach of the contract by defendant, and in view of the finding that he (plaintiff), voluntarily terminated his employment and consented to an abandonment of the agreement, judgment was properly rendered in favor of the defendant as to plaintiff's claim for damages.

Plaintiff directs attention to the fact that the answer of defendant did not plead abandonment of the contract and claims that the finding of abandonment was outside the issues. Defendant does not answer this point. The answer denied that defendant had breached the contract. When that denial was found to be true plaintiff could not prevail in an action for damages. The finding of abandonment of the contract also established termination of a right to a share of the profits and to purchase a half interest in the business. Plaintiff was not hurt by the finding insofar as it denied him those rights. It was in evidence that the business continued to lose money and was placed in liquidation the following year. Even if the question of abandonment was not within the issues pleaded it was within the issues that were tried without objection, and the point may not be raised for the first time on appeal. (3 Cal.Jur.2d, § 149, p. 618.)

It is unnecessary to consider defendant's further contention that plaintiff's employment was terminable at will.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied Feb. 3, 1954.