INVENGINEERING, INC., Appellant,

v.

FOREGGER COMPANY, Inc., and Lily M. Foregger.

INVENGINEERING, INC.,

v.

FOREGGER COMPANY, Inc., Appellant, and Lily M. Foregger.

Nos. 13479, 13480.

United States Court of Appeals Third Circuit.

Argued April 20, 1961.

Decided July 12, 1961.

Rehearing Denied Aug. 4, 1961.

William A. Marshall, Chicago, Ill. (Frank C. O'Brien, Pitney, Hardin & Ward, Newark, N. J., Charles J. Merriam, Chicago, Ill., on the brief), for plaintiff-appellant.

William J. Graham, New York City (William L. Dill, Jr., Stryker, Tams & Horner, Newark, N. J., on the brief), for defendant-appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This appeal requires us to determine whether the facts in the record support the district court's finding that the plaintiff intended to rescind rather than terminate a contract entered into with the defendant and, based on our determination of that question, what the rights of the parties are.

The Foregger Company, Inc., defendant, entered into a written licensing agreement with Invengineering, Inc., plaintiff, to manufacture and sell a respirator and two valves that plaintiff had developed for use in anesthesiology. The agreement required defendant to pay $30,000 on its execution, certain royalties, and further provided:

"11. Licensor may terminate this agreement by thirty (30) days written notice in the event of any default by Foregger hereunder, which notice shall be effective at the end of the thirty days unless the default has been cured in the meantime. Such termination shall not relieve Foregger of the obligation to pay accrued royalties up to the time of termination."

After failing to make the initial payment, defendant persuaded plaintiff to permit it to pay by successive monthly installments of $5,000 each, to be evidenced by interest-bearing notes. Two payments totalling $10,000 were made. When defendant defaulted in payment

of the balance and failed to execute the notes, plaintiff notified defendant by letter dated March 4, 1959, that it had terminated the agreement. Thereafter, defendant in a letter dated March 26, 1959, gave plaintiff notice purporting to disaffirm and rescind the agreement, simultaneously demanding a return of the $10,000 partial payment toward the initial payment.

Plaintiff brought this action for the balance of the initial payment, certain royalties allegedly due it, and compensation for services rendered in redesigning the respirator. The district court, construing the plaintiff's letter as a rescission and not a termination of the agreement, refused to order any payments but did allow plaintiff $10,000 in quantum meruit for the redesign services. In addition, the court enjoined defendant and its vice president, Lily M. Foregger, an individual defendant, as well as the defendant's agents from using or divulging any of the confidential information concerning the licensed devices. D.C. D.N.J.1960, 184 F.Supp. 366.

Plaintiff and defendant both appealed. The former vigorously contends that the agreement was terminated and not rescinded, and therefore that it is entitled to the unpaid balance of the initial payment and minimum royalties. Defendant maintains not only that the contract was rescinded, thereby releasing it of all liability with regard thereto, but further that it is not liable in quantum meruit for the redesign services because they were performed gratuitously.

■ Thus, at the threshold, we must determine whether the plaintiff intended to rescind or terminate the contract. Jurisdiction is based on diversity, and since the place of contracting and the place of performance were both in New York, its law controls. In Bagwell v. Susman, 6 Cir., 1947, 165 F.2d 412, 415, a diversity action, the court said: "On the question of rescission, it would appear that if reasonable men might differ as to the inferences to be drawn from either conflicting or undisputed facts, the question whether there was a rescission or whether there was an intention to rescind would be a question of fact for the jury." In accord with that proposition we find the courts of New York, Frank Associates, Inc. v. John J. Ryan & Sons, Inc., 1st Dept. 1952, 281 App.Div. 665, 117 N.Y.S.2d 406, as well as those of other jurisdictions, Kirk v. Brentwood Manor Homes, Inc., 1960, 191 Pa.Super. 488, 159 A.2d 48; Kane v. Sklar, 1954, 122 Cal.App.2d 480, 265 P. 2d 29; Noyes v. Noyes, 1916, 224 Mass. 125, 112 N.E. 850. See also United Wholesalers v. A. J. Armstrong Co., 4 Cir., 1958, 251 F.2d 860. That intention must be "clearly expressed," Metallograph Corp. v. Arma Engineering Co., 1st Dept. 1923, 205 App.Div. 100, 104, 199 N.Y.S. 347, 350, but it need not, however, be proved solely from express words, for it may be inferred from all the circumstances. Kane Realty Co. v. National Children's Stores, Inc., 1938, 169 Misc. 699, 8 N.Y.S.2d 505; 6 Williston on Contracts ¶ 1826 (Rev. ed.); Restatement, Contracts § 406, Comment b (1932).

■ The scope of our review of the district court's finding that plaintiff intended to rescind the agreement is, of course, governed by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U. S.C.A., and we will not disturb that finding unless it is clearly erroneous. We think the finding, when considered in light of all surrounding circumstances as well as plaintiff's acts, is fully supported by the record before us.

At the time of plaintiff's letter, defendant had not as yet commenced to produce the respirators, no valves had been sold or any profits made, and plaintiff had little reason to think that its cost of development would be recouped by effective exploitation of the license. Although the agreement had been in existence for more than two months, defendant at no time gave any indication that it possessed the financial ability or productive capacity to exploit the licenses. In fact, defendant apparently had a great deal of difficulty in meeting the initial payment and admittedly lacked

**204**

the personnel necessary to initiate production.

■ Although it had the option of rescinding or seeking damages, plaintiff in its letter [1] demanded a return of drawings and other material that had been supplied to defendant under the agreement. In its complaint filed in the district court, it expressly disclaimed any right to enforce the contract or to obtain damages. The plaintiff's purpose was clear It was attempting to follow what appeared at the time to be the wise and prudent course, i. e., place itself in a position where it could fully exploit the license which would in large part be facilitated by a rescission of the agreement. Plaintiff again showed its true intention by consenting to the pre-trial order which stated that plaintiff, in this action, was seeking, inter alia, an injunction enjoining the defendant from using the confidential information supplied under the agreement. These facts are consistent only with an intention to rescind. In conclusion, we add that use of the word "termination" by the plaintiff in its letter, as well as its reliance on paragraph 11 of the agreement were, of course, facts for the district court to weigh and consider, but certainly they were not conclusive in light of the other facts and circumstances outlined above.

In resolving questions of fact, precedent is frequently of little value. Two decisions, however, including one by this court, Oscar Barnett Foundry Co. v. Crowe, 3 Cir., 1915, 219 F. 450, and

Church v. Bobbs-Merrill Co., D.C.S.D. Ind.1959, 170 F.Supp. 32, help convince us of the correctness of our conclusion.

■ We must now determine what the rights of the parties are in light of our conclusion that plaintiff rescinded the contract. This question need not detain us long. The New York courts have made it clear that "the effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract." E.T.C. Corp. v. Title Guarantee & Trust Co., 1936, 271 N.Y. 124, 126, 2 N.E.2d 284, 286, 105 A.L.R. 999. For, on "rescission of a contract * * * the apparent contract is declared non-existent, because the true intentions of the parties evolved no contract or the law declares their acts to be ineffective * * *." Batto v. Westmoreland Realty Co., 1930, 231 App.Div. 103, 246 N.Y.S. 498, 503. Here, the rescission placed the parties in the position they would have been in had the agreement never been executed, which means, of course, that plaintiff is not entitled to either the initial payment or royalties.

■ The action is one in equity, and the district court in awarding plaintiff $10,000 for the special design work committed no error. That work was required in order to achieve economies in defendant's production of the devices and was performed by the plaintiff only because the defendant, as its own plant manager indicated, lacked necessary personnel. The plaintiff was required to hire an additional engineer who worked

1. "You are hereby notified that pursuant to the terms of paragraph 11 of the agreement of December 26, 1958, between The Foregger Company, Inc. and Invengineering, Inc., the aforesaid license agreement is terminated, this notice of termination to become effective thirty days from the date hereof.

"Termination is given on account of failure of Foregger to pay the $30,000 provided for in paragraph 2 of the agreement. By an oral statement, Invengineering, Inc. had agreed that this sum could be postponed so that $5,000 would be payable on the last day of each of the months of December 1958, January, February, March, April and May 1959, providing judgment notes were given for this sum. These notes have not been given, and the payment which was due on the last day of February has not been made. Termination is therefore made for each of these defaults.

"Upon termination of the contract, will you please return immediately and make no further use of any of the various drawings and other material which are the property of Invengineering, Inc. and which have been supplied to you to facilitate operations under the license agreement."

with other members of its staff for ten weeks in order to complete the modifications. Although the services were performed without an express stipulation for additional payment, certainly they were not gratuitous, as defendant argues, but were performed in order to protect defendant's benefits under the contract. It would be unconscionable to allow defendant to escape payment for that which it requested, needed, and by accepting, impliedly promised to pay for.

The judgment of the district court will be affirmed.

KALODNER, Circuit Judge (dissenting).

The fact-finding below that the plaintiff intended to rescind the contract is clearly erroneous and should be reversed.

The record below discloses that the defendant never even advanced the contention that plaintiff had "rescinded" the contract.

In the parties' "Agreed Statement as to Record on Appeal" it was said:

"* * * Thereafter, on March 4, 1959, with Foregger in default in its undertaking to make successive monthly payments of $5,000, Invengineering by letter, a copy of which is attached hereto as Exhibit B, gave a 30-day notice of *termination* of the contract pursuant to the provisions thereof." (Emphasis supplied.)

It is impossible to reconcile the District Court's fact-finding of rescission with the following specific fact-findings in its Opinion, reported at D.C.N.J.1960, 184 F.Supp. 366, that plaintiff had "terminated" the contract.

"I further find that the notice of *termination* of the contract given by the plaintiff to the defendant was strictly in accordance with the provisions of the instrument and justified by a clear breach, on the part of Foregger, of its obligations thereunder * * * I conclude, therefore, that Foregger's purported rescission of the *already duly termi-*nated agreement was a futile and ineffective act by one party whose previous default had already justified the *prior termination* of the contract by the other party * * * The defendant defaulted in this undertaking, thereby *entitling* the *plaintiff* to *terminate* the contract between the parties. Plaintiff's *termination* of the contractual relationship was therefore justified." (Emphasis supplied.) At page 373.

At the very least the District Court's ultimate factual determination that plaintiff "rescinded" the contract, is inconsistent with its specific fact-findings above set forth that plaintiff had "terminated" the contract, and we are thus presented with an inconsistent verdict which requires reversal of the judgment below and the awarding of a new trial.